No. 738.

## MARTIN v. THE STATE.

CRIMINAL LAW.—*Prosecution for Assault and Battery.*—*Communicated Threats of Prosecuting Witness.*—*When Inadmissible in Evidence.*—In a prosecution for assault and battery where the evidence clearly showed that the assault was made without provocation, and under circumstances that could not have created a reasonable apprehension of danger, it was not error to refuse to permit the defendant to prove that the prosecuting witness, before the assault, had made threats of doing bodily violence to him, and that the threats had been communicated to the defendant before he made his attack upon the prosecuting witness, and that in consequence thereof he believed that he was in danger of great bodily harm from him. To justify the introduction of such evidence there must have been something in the conduct of the prosecuting witness at the time of the assault to have induced the defendant to believe in good faith that he was in danger of being assaulted.

From the Fountain Circuit Court.

*J. B. Martin*, for appellant.

*J. Bingham*, Prosecuting Attorney, for the State.

FOX, J.—The appellant was arrested and fined upon a charge of assault and battery before a justice of the peace in the city of Covington. The case was appealed to the Fountain Circuit Court and there tried before a jury, and the appellant was again convicted. A motion for a new trial was made and overruled, and judgment rendered upon the verdict. From this judgment the appellant appealed to this court, and assigns for error the action of the court below in overruling the motion for a new trial. The evidence is properly in the record.

The history of the case, as the same appears in the record, may be briefly stated as follows: On the 9th day of January, 1892, the appellant kept a saloon in the city of Covington. On the evening of that day, as the prosecuting witness, Dennis Chapman, was passing the saloon, the door being partly open, he entered therein with some of his friends, walked up to the counter, and said to those who were with

him, "Come on, boys, let's have something." Without any-
thing further being said, Martin approached Chapman from
behind and hit him on the head with a piece of a buggy
whip. Chapman then turned, and the parties "clinched and
fell to the floor," but were separated by the bystanders.
Until after he was struck Chapman made no demonstration
of any kind toward Martin ; had made no threats nor used
any offensive language, but was, as it appears, conducting
himself in an orderly and quiet manner. As far as the evi-
dence shows, the assault made by Martin was entirely un-
provoked and uncalled for.

After the prosecution had proven the facts above stated,
the defendant called a number of witnesses and offered to
prove by them that they, prior to the time the difficulty oc-
curred, had heard Chapman make divers threats against
Martin, such as that he " intended to put a head on him,"
that he intended " to knock the face off· of him," " that he
could whip any of his friends," etc. ; that these threats were
by the witnesses communicated to Martin. To the intro-
duction of this testimony the State objected, and the court
sustained the objection. The appellant then offered to prove
by himself that all these threats were communicated to him
before he made the attack upon Chapman ; that at the time
he made the attack he believed, " from the information he
had received, that he was in danger of great bodily harm
from the prosecuting witness, and all that he done was to
protect himself from the assault he believed was about to be
made upon him by the prosecuting witness." It occurs to
us that if the appellant, in good faith, entertained the fears
he describes, he would have escaped through the open door
into the street instead of approaching the man he feared from
behind and hitting him on the head with a club.

Counsel for appellant in his brief says : " The defendant
certainly ought to have been allowed to testify as to what
his belief was in regard to fearing great bodily harm from
the prosecuting witness, and to show the relation that had

existed between them for an indefinite period before the difficulty." In support of this proposition, he cites *Duncan* v. *State*, 84 Ind. 204; *De Forest* v. *State*, 21 Ind. 23.

Counsel also states the following as a legal proposition: The question is, was the defendant really and reasonably impressed by the appearance and circumstances so that he apprehended immediate and urgent danger from the prosecuting witness? and this question can only be determined upon the appearance presented to the eyes and mind of defendant himself, and upon the belief actually and in good faith entertained by him. *Batten* v. *State*, 80 Ind. 394, is cited. We see no objection to this last statement as a legal proposition, but we are unable to understand how it can have any application to the facts in the case. The law, regarding the infirmities of human nature, permits a person, when reasonably apprehending danger by reason of the conduct of another, to defend himself by acting upon appearances. If from any person's act or conduct one person is reasonably induced to and does in good faith believe that another is about to assault and injure him, he being without fault himself, he need not wait until the assault is made, but may act upon appearances, as he in good faith at the time regards them, and defend himself. Especially is this true if it is within his knowledge that his assailant is a dangerous man, and has previously made threats and entertains malice against him. See *Bryant* v. *State*, 106 Ind. 549; *Batten* v. *State, supra; Barnett* v. *State*, 100 Ind. 171; *McDermott* v. *State*, 89 Ind. 187; *Duncan* v. *State*, 84 Ind. 204; *Miller* v. *State*, 74 Ind. 1; *Agee* v. *State*, 64 Ind. 340; *Runyan* v. *State*, 57 Ind. 80. This rule is well stated in the leading case of *Hicks* v. *State*, 51 Ind. 407, in the following language:

" The theory of self-defence is, that the party assailed has the right to repel force by force, and he need not believe that his safety requires him to kill his adversary in order to give him the right to make use of force for that purpose.

When his life is in danger, or he is in danger of great bodily harm, or when, from the acts of the assailant, he believes, and has reasonable ground to believe, that he is in danger of losing his life or receiving great bodily harm from his adversary, the right to defend himself from such danger, or apprehended danger, may be exercised by him, and he may use it to any extent which is reasonably necessary. He need not believe that he can only defend himself by taking the life of his assailant. If the death of his assailant results from the reasonable defence of himself, he is excusable, whether he intended that consequence or not, or whether he believed such result was necessary or not."

In this case the prosecuting witness at the time he was assaulted by the appellant was making no demonstration, nor was he exhibiting any hostility whatever against him either by word or act. He was at the time conducting himself in a peaceable and orderly manner. There was nothing in his conduct that could have induced the appellant to "reasonably believe, in good faith, that he was in danger of great bodily harm," or of receiving any injury whatever. Upon the other hand, the evidence showed that the appellant made the assault in an unwarranted and a vicious manner. The law of self-defence is founded upon solid underlying reasons, and this reason must appear before such a defence can be lawfully interposed. If the defence is that appearances justified a reasonable apprehension of danger, facts must be proven in order that the jury may determine, under the circumstances, whether the accused, situated as he was, in good faith had a right to and did entertain such reasonable apprehension. One person can not assault another without provocation, and then pretend that he did the act in self-defence.

The rule is firmly settled that threats and abusive language alone will not justify an assault, even when made to the person threatened. There are cases, however, in which previous threats may be proven, even when uncommunicated. See *Holler* v. *State*, 37 Ind. 57 ; *Leverich* v. *State*,

105 Ind. 277; *Wood* v. *State*, 92 Ind. 269; *Boyle* v. *State*, 97 Ind. 322; *Campbell* v. *People*, 16 Ill. 17. For a full discussion of this question and a citation of authorities, see Wharton Crim. Ev., section 957.

The reason for such testimony did not exist in this case. If the evidence in the question had been admitted in this case it would in no sense have constituted a defence to the assault complained of. For this reason it was properly rejected. The evidence clearly shows that the assault was made without provocation, and under circumstances that could not have created a reasonable apprehension of danger.

The judgment is affirmed, with costs.

Filed Nov. 30, 1892.