## GUY v. THE STATE.

[No. 6,014. Filed May 10, 1906.]

1. INDICTMENT AND INFORMATION.—*Indorsements.*—*Grand Jury.*—*Number Voting for Presentment.*—*Evidence.*—The return, into open court, by the grand jury, of an indictment indorsed "a true bill" and signed by the foreman is sufficient evidence that at least five of the grand jurors voted for the return of such indictment, that being the number required by law for the return of a valid indictment. p. 693.

2. SAME.—*Assault and Battery with Intent to Murder.*—*Present Ability.*—An indictment for assault and battery with intent to commit murder does not need to charge that defendant had the present ability to commit the assault. p. 693.

3. EVIDENCE.—*Prosecuting Witness's Communicated Threats.*—*Defense.* — Withdrawing evidence of certain communicated threats, made by the prosecuting witness against defendant, in a prosecution for assault and battery with intent to commit murder, is not reversible where the evidence showed that the defendant was in no imminent peril, that the prosecuting witness made no attack, and there was other evidence of threats remaining in the case, and where the question of intent was found in defendant's favor. p. 693.

4. TRIAL.—*Criminal Law.*—*Instructions.*—*Intent.*—In a prosecution for assault and battery with intent to commit murder, where defendant was acquitted of such intent, it is unnecessary to consider instructions solely on such question. p. 696.

5. SAME.—*Criminal Law.*—*Instructions.*—It is not erroneous to charge the jury in a criminal case that if they find all of the essentials of the crime charged proved beyond a reasonable doubt they should find defendant guilty. p. 696.

6. ASSAULT. — *Threats.* — *Abuse.* — *Justification.* — Threats and abuse are no justification for an assault. p. 696.

7. APPEAL AND ERROR.—*Instructions.*—*Criminal Law.*—*Statutes.* —The civil procedure act of 1903 (Acts 1903, p. 338) has no application to criminal procedure. p. 696.

8. TRIAL.—*Instructions.*—*Criminal Law.*—Under subdivision six, §260 of the act of 1905 (Acts 1905, p. 641) all special instructions in a criminal case shall be in writing without oral modifications or explanations. p. 696.

From Jasper Circuit Court; *Ralph W. Marshall,* Special Judge.

Prosecution by the State of Indiana against Jasper Guy. From a judgment of conviction, defendant appeals. *Affirmed.*

*Foltz & Spitler* and *Baughman & Williams,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, William C. Geake* and *Henry M. Dowling,* for the State.

ROBINSON, J.—Upon an indictment charging appellant with assault and battery with intent to commit murder, appellant was tried, found guilty of assault and battery and fined.

The indictment charges that "Jasper Guy, late of said county, on May 6, 1905, at said county and State aforesaid, did then and there feloniously, purposely and with premeditated malice, in a rude, insolent and angry manner unlawfully touch, bruise, lacerate, and wound the body and person of William Kenyon, by then and there feloniously, purposely and with premeditated shooting off and discharging at and against the body and person of said Willian Kenyon a certain revolver, then and there loaded with gunpowder and leaden shot, with the intent then and there and thereby feloniously and with premeditated malice to kill and murder the said William Kenyon, contrary to the form of the statute in such cases made and provided against the peace and dignity of the State of Indiana."

The indictment is indorsed: "A true bill. Alfred S. Barlow, foreman." The statute requires that "at least five

of the grand jurors must concur in the finding of 1. an indictment." It appears that the indictment was returned into open court and that it was duly indorsed by the foreman. This is sufficient evidence that the charge was made upon evidence given before the grand jury and that a sufficient number of jurors concurred in the finding. *Creek* v. *State* (1865), 24 Ind. 151; Gillett, Crim. Law (2d ed.), §118. See *Stewart* v. *State* (1865), 24 Ind. 142.

Further objection is made to the indictment that it does not aver that appellant had the present ability to commit the assault. Appellant is not charged with a mere 2. assault with intent to commit a felony. If such were the charge it would be necessary to aver the present ability to commit the injury, as such language is necessary to describe an assault. *Chandler* v. *State* (1895), 141 Ind. 106; *Adell* v. *State* (1870), 34 Ind. 543. But the charge in the indictment is an assault and battery with the intent to commit a felony. As the assault and battery is well charged it was not necessary to aver that appellant had the present ability to commit the injury. *Vaughan* v. *State* (1891), 128 Ind. 14.

Complaint is made of the action of the court in striking out certain testimony concerning threats made by the prosecuting witness, which were not communicated to the 3. appellant prior to the commission of the offense. Appellant, in his testimony, gives a lengthy account of the occurrence, the substance of the material part of which seems to be, that on the day of the shooting appellant was on his way home and saw the prosecuting witness on the opposite side of the street. For a moment he lost sight of him, but on looking up he found the prosecuting witness, Kenyon, had crossed the street and was coming in his direction. He asked Kenyon, "Are you coming to beat me?" and he answered, "Yes." Appellant said, "Stop," and Kenyon did not do it. Appellant had a revolver in his

pocket, and, believing Kenyon was going to carry out the threat to beat appellant, drew the gun up and fired to the right of Kenyon, thinking it would make him stop. Kenyon came within eight or ten feet of him, and he fired two or three more shots in rapid succession. Kenyon, while coming towards him, had his arms reached out toward him. Kenyon jumped off of the walk and said, "Nobody is scared at that gun," and "faced up as though he was going to start again." Appellant "backed off a little," put the gun away, and went on home. Kenyon was "possibly twelve or fourteen feet, maybe fifteen feet," away when appellant fired the first shot. Appellant's sole object in shooting at Kenyon "was to scare him, to keep me from a beating, in my sickly condition. I was not in a position to take a beating." Appellant also testified that different persons had told him prior to the shooting that Kenyon was threatening to give him a beating. Kenyon testified that he crossed the street and walked towards appellant with his hands in his pockets, that before anything was said by either of them, and when within about fifteen feet of each other, appellant began shooting, and that four or five shots were fired, three of which struck the witness. The evidence also shows that Kenyon had no weapon in his hands, and none on his person, that no violent language was used by him toward appellant, indicating an intention to take his life, or to inflict great bodily injury.

Giving appellant the benefit of the most favorable construction of his own testimony that can be given it, there is no proof of any overt act of attack upon him by Kenyon. There is no proof that appellant was in any imminent danger of losing his life or of suffering great bodily injury. From his own testimony he could not at that time have thought he was in any immediate danger, as he says his sole object in shooting "was to scare him, to keep me from a beating."

In *Ellis* v. *State* (1899), 152 Ind. 326, the court said: "It is true that, in a case of homicide, previous threats by the deceased are admissible, especially if they have been communicated to the defendant before the homicide. *Wood* v. *State* [1883], 92 Ind. 269. To the same effect is *Leverich* v. *State* [1886], 105 Ind. 277. But there was no proof that such statement had been so communicated to the defendant before the homicide. Some courts hold threats are admissible without having been previously communicated to the defendant. Conceding, however, without deciding, that the offered evidence amounted to a threat against the defendant, we think it was immaterial, and therefore inadmissible. The evidence fails to show an attack on the defendant by the deceased."

In Wharton, Crim. Ev. (9th ed.), §757, it is said: "For the purpose, therefore, in cases of doubt, of showing that the deceased made the attack, and if so with what motive, his prior declarations, uncommunicated to the defendant, that he intended to attack the defendant, are proper evidence. And so it has been frequently held. They are, however, inadmissible, unless proof be first given that there was an overt act of attack, and that the defendant, at the time of the collision, was in apparent imminent danger." *Leverich* v. *State, supra.*

In the case at bar, the evidence fails to show that the prosecuting witness made any attack on the appellant, or that he was in any imminent danger of great bodily harm. Moreover, testimony of threats made direct to appellant, and of threats made to others and communicated to appellant, were introduced, and as this offered evidence was only corroborative and went largely to the question of appellant's intent, which the jury found in his favor, we can not say that the action of the court in not admitting it was reversible error.

Complaint is made of the following instruction given by the court: "You can not find the defendant in this case

guilty of assault and battery with intent, until each and every one of you is satisfied from the evidence, beyond a reasonable doubt, of said guilt. In deciding the question, if there was an intent on the part of the defendant, it is your duty and privilege to consider all of the evidence as disclosed by the testimony, whether the prosecuting witness had any weapon, whether any threats were made by the prosecuting witness at the time of the alleged assault, whether the defendant himself, if you are satisfied from the evidence, had reason to fear he was to be assaulted, could have retreated or called assistance to his help, it is your privilege to consider all of the testimony and circumstances detailed by the witnesses in determining this question of intent." This instruction goes wholly to the question of intent. It is unnecessary to inquire whether the instruction is erroneous as against appellant, for the reason that upon the question of intent the jury found in appellant's favor.

It is not error for the court to instruct the jury that if they believe that all the essentials of the crime charged have been proved beyond a reasonable doubt, they should find the defendant guilty.

Threats and abusive language alone, even when made to the person threatened, will not justify an assault. *Martin* v. *State* (1892), 5 Ind. App. 453.

An examination of the refused instructions discloses that the subject-matter of these instructions was fairly covered by the instructions given. Certain instructions requested were modified, and, as modified, were given. The provision of the act of 1903 (Acts 1903, p. 338, §1, §544a Burns 1905), concerning the modification of instructions requested, has no application, the title of that act being: "An act concerning proceedings in civil procedure." Section 1901 Burns 1905, cl. 6, Acts 1905, pp. 584, 641, §260, provides that if special instructions are given they shall be in writing, and such

instructions, when so written and given by the court, shall in no case be orally qualified, modified or in any manner orally explained to the jury by the court. The record does not disclose that there was any oral modification of any written instruction requested by appellant.

Judgment affirmed.