Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARTHA STILLWAGON and Minor Dependents, Respondents, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, HENRY STILLWAGON, *v.* CALLAN BROTHERS, INC., Employer, and the TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, May 8, 1918.

**Workmen's Compensation Law — death resulting from physical attack upon fellow-employee — when dependents not entitled to award.**

Where a person employed to drive an automobile truck and to unload the same made a physical attack upon another employee similarly engaged, owing to a quarrel in respect to priority in unloading their trucks, and was killed as the result of a blow inflicted by his fellow-servant, his dependents are not entitled to an award under the Workmen's Compensation Law.

Such attack by the decedent was not initiated for any purpose of the master but to gratify his own personal desires and it is immaterial that the fight occurred during his working hours.

The injury was " occasioned by the willful intention of the injured employee to bring about the injury or death of himself or another," etc., within the meaning of section 10 of the Workmen's Compensation Law.

Relief can be had under said statute only where the accident arises " out of " or " in the course of " employment. That is to say, the injury must be received while the workman is doing the duty he is employed to perform and also as a natural incident of the work.

J. M. KELLOGG, P. J., dissented, with memorandum.

APPEAL by the defendants, Callan Brothers, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 11th day of December, 1917.

*Amos H. Stephens* [*E. Clyde Sherwood* and *William B. Davis* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], *Louis A. Cuvillier*, for the claimants, and *Robert W. Bonynge*, counsel to the Commission, for the respondents.

WOODWARD, J.:

This claim was originally disallowed, but upon a rehearing the Commission unanimously reversed the deputy making the report, and the employer and insurance carrier appeal to this court, contending that the injuries, which resulted in death to the claimant's husband, did not arise out of and in the course of his employment.

The Commission has found that Henry Stillwagon was employed by Callan Brothers, Inc., on the 21st day of May, 1917, and that he was engaged in the work of transportation, moving bricks from a car by the use of an automobile truck; that Stillwagon was employed as a chauffeur in the operation of such motor truck; that on the day in question Stillwagon was working for his employer at the Pennsylvania Railroad yards in New York, and that while engaged in the regular course of his employment he was struck and knocked down by a fellow-employee, which resulted in a broken neck and almost instant death; that " Henry Stillwagon and a fellow-employee were each running a motor truck and had gone to the premises hereinbefore mentioned for the purpose of loading their trucks with brick from cars standing upon the track. Henry Stillwagon and his fellow-employee got into an altercation in respect to the right of priority in loading their trucks. Each one claimed the right to load his wagon first from one of the cars. After a short battle of words, the two men came to blows, and in the melee Henry Stillwagon was struck by his fellow-employee and knocked down with the result above mentioned."

Upon this basis of alleged fact, the Commission has held as a matter of law that the case is within the statute, and has awarded compensation to the widow and minor children.

The undisputed evidence is that there were three carloads of brick which were being unloaded; that Stillwagon had unloaded one car and one Vogt, the fellow-employee, had nearly unloaded a second car, and that the third car was to be unloaded jointly. Vogt reached the third car first and then Stillwagon came and demanded to know why Vogt did not take the remaining load from the second car. Vogt replied that he did not feel like it. Stillwagon began swearing at Vogt and invited Vogt out of the car, evidently for the purpose of fighting it out. Vogt started to leave the car, when he was assaulted by Stillwagon. Vogt struck back with his fist, delivering a blow which resulted in the death of Stillwagon. There is no conflict in the evidence; three eye-witnesses, including Vogt, testify to the circumstances, and all agree, not only that Stillwagon opened the quarrel, but that he struck Vogt before the latter had made any demonstration of fight, other than to leave the car. To call this an accident " arising out of and in the course of employment " requires some stretch of definition. (Workmen's Compensation Law [Consol. Laws, chap. 67; Laws of 1914, chap. 41], § 10; Id. § 3, subd. 7, as amd. by Laws of 1916, chap. 622.) Stillwagon does not appear to have had any authority over Vogt; indeed, the evidence is that Vogt had two tickets for the unloading of the cars, while Stillwagon had but one. Stillwagon's employment was that of a chauffeur with the incidental duty of helping to load the truck, and he initiated a quarrel with Vogt, and then left all of his legitimate work for the purpose of committing an assault upon Vogt. He was not employed as a fighter; his work was driving the truck and helping to load it, and there is not a suggestion that any interest of the master was involved in this assault. Vogt was not interfering with any work of the employer; he appears to have had a perfect right to be where he was, and to have been there prior to Stillwagon, and to have been engaged in the work for which he was employed. It was Vogt who had the card for the unloading of this third car, and while it is probably true that Stillwagon had a right to work upon this same car he

had no duty there, under his employment, except to get his load of brick and go away. Stillwagon's compensation did not depend on the number of loads he drew; he was working by the day, and there is nothing in the evidence which suggests that Vogt was interfering with anything which Stillwagon was bound to do for the employer. All there was of it, Stillwagon picked a quarrel with Vogt and then left his occupation as a chauffeur for the purpose of carrying out his desire to punish Vogt for some real or imaginary grievance, in no wise affecting the interests of the employer. The fight which ensued had none of the elements of an accident about it. It was initiated and invited by Stillwagon, not for any purpose of the master, but to gratify his own personal desires, and the fact that it occurred during the hours when his services belonged to the employer does not give it the character of having been done in the course of that employment.

If Stillwagon had left his employment for the purpose of assaulting some person not in the employ of Callan Brothers no one would seriously contend that the master could be held liable for the injury, for he had not employed Stillwagon for any such purpose, and did not encourage or suggest the assault, and, in the absence of serving some purpose of the master, we are unable to discover any reason for holding that the insurance carrier in the present instance is in any wise liable to the claimant.

It seems to us entirely clear that this case comes squarely within the exception found in section 10 of the Workmen's Compensation Law. It is there provided that compensation shall be paid without regard to fault as a cause of such injury, " except where the injury is occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another," etc. Obviously Stillwagon's injury was " occasioned by the willful intention of the injured employee to bring about the injury " of Vogt; he initiated the quarrel and he struck the first blow, and, in the natural course of events, he was injured himself. It is highly probable that Vogt did not intend the result of his blow; he had no time to deliberate upon that; he was assaulted and retaliated, and Stillwagon was killed, not as the result of an accident but as the culmination of a fight which he had started. The case of *Matter of*

*Heitz* v. *Ruppert* (218 N. Y. 148), relied upon by the respondents, was concededly a close case, and was justified upon the proposition that it was the duty of the claimant to take care of the horses with which he was intrusted, and to see that they were not injured by injudicious wetting or otherwise by a fellow-employee, and that where a quarrel arose over the act of an employee in improperly wetting the horses, and an injury resulted from the personal encounter which ensued, the accident arose out of and in the course of the employment. Here no such facts are involved; there was no effort to show that any possible interest of the master could be served by Stillwagon committing an assault upon Vogt. In *Matter of Heitz* v. *Ruppert* (*supra*) the court say: " The words ' arising out of and in the course of employment ' are conjunctive, and relief can be had under the act only when the accident arose both ' out of ' and ' in the course of ' employment. The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work." Tried by this test, the claimants' case is not within the statute. Stillwagon was not doing the duty he was employed to perform when he left his work for the purpose of assaulting Vogt, nor was the injury a natural incident of the work which he was required to perform. The injury resulted solely because Stillwagon, in serving his own purposes, willfully sought to injure Vogt, and the statute has specially excepted such injuries from its operation.

The award should be reversed.

All concurred, except John M. Kellogg, P. J., dissenting, with memorandum.

John M. Kellogg, P. J. (dissenting):

Vogt and Stillwagon were removing brick from three railroad cars by automobile trucks. Stillwagon had unloaded his car. There was another truck load remaining in the car that Vogt was unloading. Arriving at the cars, Vogt, instead of going to the car he had been unloading, went to the

remaining car which neither of them had worked upon. Still-wagon claimed that Vogt should finish his own car, as the work was more difficult, and until then should not remove brick from the third car. They were both in the third car and were disputing about who was entitled to load first, and somehow, as a result of that dispute, the parties came to blows and the accident happened.

We quote from *Matter of Heitz* v. *Ruppert* (218 N. Y. 148): " Altercations and blows may, however, arise from the act of a fellow-servant while both are engaged in the employer's work and in relation to the employment. The employer may be badly or carelessly served by two men engaged in his work, and yet it may be inferred, when one injures the other in a quarrel over the manner of working together in a common employment, that the accident arose out of the employment and was not entirely outside of its scope, if it was connected with the employer's work and in a sense in his interest."

I favor an affirmance.

Award reversed and claim dismissed.