Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MORRIS VERSCHLEISER, Respondent, for
Compensation under the Workmen's Compensation Law, v. JOSEPH STERN
& SONS, INC., Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY
INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

*Workmen's Compensation Law — assault on workman — injury outside
employment.*

This is an appeal by the employer and insurance carrier from an award
made by the State Industrial Commission, December 31, 1918. Award
reversed and claim dismissed, on the authority of *Stillwagon* v. *Callan
Brothers, Inc.* (183 App. Div. 141; affd., 224 N. Y. 714); *Griffin* v. *Roberson
& Son* (176 App. Div. 6); *De Filippis* v. *Falkenberg* (170 id. 153; affd., 219
N. Y. 581). All concurred, except John M. Kellogg, P. J., dissenting, with
a memorandum in which Woodward, J., concurred.

JOHN M. KELLOGG, P. J. (dissenting): The claimant, at the time of the
injury, was engaged in removing offal from a slaughter house, with a hand
truck. He was somewhat advanced in years and, owing to his age and
perhaps to some peculiarities, the other employees were accustomed to
pick on him and this made him somewhat irritable. While doing his work,
a fellow employee threw a bull's penis around his neck. The claimant
evidently understood, from the situation of the parties, that Dudler had
committed the assault, and he immediately struck Dudler. Dudler kicked
him, inflicting serious injuries, for which compensation has been allowed.
If the old man had been right in assuming that Dudler committed the
assault upon him, his striking back would have been a natural result of
the act, and it might then well be said that the claimant would be within

the act. (*Matter of Heitz v. Ruppert*, 218 N. Y. 148.) " Altercations and blows may, however, arise from the act of a fellow-servant while both are engaged in the employer's work and in relation to the employment. The employer may be badly or carelessly served by two men engaged in his work, and yet it may be inferred, when one injures the other in a quarrel over the manner of working together in a common employment, that the accident arose out of the employment and was not entirely outside of its scope, if it was connected with the employer's work and in a sense in his interest. Such cases necessarily present close questions of fact." (Id. 153.) The mere fact that the claimant was mistaken as to the aggressor does not show that he attempted to commit an affirmative assault on Dudler. He was defending himself and, with many fellow-workmen around, hit the person who appeared to be his antagonist. Within the liberal spirit of the act, the claimant should be treated in the same manner as if he had actually struck the party who assaulted him; that was what he intended to do. He was clearly in error as to the identity of the assailant, and in that respect his assault upon Dudler was a mistake. Nevertheless, it was not such an intentional, affirmative wrong, that it put him outside the protection of the act. Compensation is awarded without regard to fault, and the mistake of the claimant as to who assaulted him is not fatal to his claim. We find nothing to the contrary in *Stillwagon v. Callan Brothers, Inc.* (183 App. Div. 141; affd., 224 N. Y. 714). There the injured person committed an unlawful intentional assault upon another, and it was held that he had brought the injury upon himself by his illegal act. The claimant in this case believed that he was protecting himself from his real assailant. He was mistaken in the identity of the aggressor but, as we have said, his mistake is not fatal to his claim. The award should, therefore, be affirmed. Woodward, J., concurred.

