AT INDIANAPOLIS, NOVEMBER TERM, 1926, AND MAY AND NOVEMBER TERMS, 1927, MAY TERM, 1928, IN THE ONE HUNDRED TWELFTH, ONE HUNDRED THIRTEENTH YEARS OF THE STATE.

---

### TISDALE *v.* STATE OF INDIANA.

[No. 25,082. Filed January 13, 1927.]

1. CRIMINAL LAW.—*Evidence considered on appeal in determining sufficiency of evidence.*—In passing on a motion for a new trial for insufficiency of evidence to sustain conviction, the Supreme Court will consider only the evidence which tends to prove the defendant guilty. p. 2.

2. CRIMINAL LAW.—*Motion for new trial for insufficiency of evidence, when approved on appeal.*—The overruling of a motion for a new trial because of the insufficiency of the evidence will be approved on appeal where there was legal evidence on every essential fact necessary to establish the crime charged. p. 2.

3. HOMICIDE.—Evidence *held* sufficient to sustain conviction for assault and battery with intent to kill. p. 3.

4. CRIMINAL LAW.—A new trial will not be granted on appeal upon the weight of conflicting evidence. p. 3.

5. ASSAULT AND BATTERY.—Abusive language, and even calling another vile names, will not justify an assault and battery. p. 3.

From Pike Circuit Court; *William D. Curll,* Special Judge.

Warner Tinsdale was convicted of assault and battery with intent to kill, and he appeals. *Affirmed.*

*R. W. Armstrong, S. E. Dillon* and *J. L. Sumner,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—The appellant and two others were jointly charged by affidavit with the crime of assault and battery with intent to kill one Edward Bush, on December 17, 1924, in Pike county; same being in violation of §352, Acts 1905 p. 584, §2240 Burns 1914, §2417 Burns 1926. Each of the defendants was granted a separate trial. Appellant entered a plea of not guilty. He was tried by a jury and found guilty. He has appealed from the judgment of imprisonment and fine, assigning as error that the court erred in overruling his motion for a new trial.

In the motion for a new trial, five causes were stated. Three of these are not presented for review and another one does not state a statutory cause. The only reason for a new trial which can now be relied upon by appellant is that the verdict of the jury is contrary to law. Under this specification, it is claimed that the verdict is not sustained by sufficient evidence.

In passing on a motion for a new trial for insufficiency of evidence to sustain conviction, in cases of this kind, this court will consider only the evidence which 1, 2. tends to prove the defendant guilty, and if there is legal evidence on every essential fact necessary to establish the crime charged, the overruling of a motion for a new trial must be approved. *Freije* v. *State* (1924), 196 Ind. 66, 145 N. E. 767; *Straw* v. *State* (1925), 197 Ind. 606, 149 N. E. 430; *Lowery* v. *State* (1925), 196 Ind. 316, 147 N. E. 151; Ewbank, Manual of Practice (2d ed.) §46.

From the evidence, the following appears: Appellant on December 17, 1924, after dark, near the town of Aryshire, approached a party of men standing at the side of the public highway. Among these men were the other defendants and Edward Bush who was assaulted. When the appellant came up, he said to Bush: "You are the fellow that called me a son of a bitch."

This had happened about thirty minutes before. Bush replied: "You are mistaken, buddy, I have been in the house all evening." Appellant then called Bush a liar and struck him. According to the testimony of the prosecuting witness, appellant hit him with something which was about ten inches long, and another witness testified that he struck him with something which was about eighteen inches long. The blow was overhanded. He was hit above the left ear. He fell to the ground and remained there until he was carried into a house. He was unconscious and bleeding at the nose when he was picked up. There was on his head a contused wound about two to four inches long and about an inch to an inch and a quarter wide. He bled at the nose for three or four days and was semi-conscious for four or five days. He suffered from concussion of the brain and had pains in his head for about three months.

Appellant insists that the state must prove its case beyond all reasonable doubt and says that three witnesses, the appellant and the two named in the affidavit with him, testified that he had no weapon in his hand when the blow was struck and that only two witnesses testified that he did have something in his hand. It was the duty of the jury to weigh the evidence. A new trial will not be granted on appeal upon the weight of conflicting evidence in cases of this character, and this rule has been announced in cases too numerous for citation.

In his brief, appellant says: "There is no question but what the appellant in this case assaulted the prosecuting witness; whether his act in so assaulting him was proper, or whether he was justified in so doing is a question upon which legal minds differ." He attempts to justify the act because of the fact that Bush had called him a vile name. The prose-

cuting witness used language to appellant which he should not have used. But what he did cannot excuse the act of appellant for which he was prosecuted. Abusive language will not of itself, in the absence of statute, justify an assault and battery. 5 C. J. 756, §253; Brill, Cyclopedia Criminal Law §440. There is no statute in this state making provocation a defense for assault and battery. It has been held in many cases that "peace and good order and the rules of civilized society forbid that individuals shall right their own wrongs." 2 R. C. L. 554, §33. In this jurisdiction, it has been decided that abusive words are no justification for an assault, though addressed to the person abused. *Martin* v. *State* (1892), 5 Ind. App. 453, 32 N. E. 594; *Guy* v. *State* (1906), 37 Ind. App. 691, 77 N. E. 885; Ewbank, Indiana Criminal Law §752. The court did not err in overruling the motion for a new trial.

The judgment is affirmed.