## TALGE MAHOGANY COMPANY *v.* BEARD.

[No. 13,825.   Filed January 15, 1930.]

*Bingham & Bingham*, for appellant.
*White & Jones*, for appellee.

McMAHAN, J.—Appellee, on November 13, 1928, while in the course of his employment by appellant, received an injury for which he was awarded compensation. At the hearing before a single member of the board, an employee of appellant was present, but, not being an attorney, was not allowed to appear for or to defend the application on behalf of appellant. Appellant's present attorneys were then employed and represented appellant at such hearing.

Rule 10 of the Industrial Board provides that a defendant may file an answer of denial to the application for compensation at any time before the date set for the hearing, and, if none is filed, the allegations of the application will be deemed to be denied. If the defendant relies upon the special defense that the injury or death

was due to willful misconduct of the employee, including self-inflicted injury, intoxication, the commission of a felony or misdemeanor, willful failure to comply with a statute or reasonable rule of the employer, or any other defense of confession and avoidance, such special defense shall be pleaded by an affirmative answer at least five days before the date set for the hearing.

No answer, in the instant case, of any kind was filed. The bill of exceptions containing the evidence shows that, on the hearing before the single member, and while the eighth and last witness for appellee was testifying, a discussion took place between counsel and the hearing member concerning the introduction of certain evidence, when the hearing member called attention to the fact that no special answer had been filed, and stated that it was then too late for such an answer; that, at the close of the testimony of this witness, appellant's counsel stated that he desired to file a special answer and, in support of such application, desired to exhibit to the court a verified statement of three of the witnesses who had testified for appellee, and which had also been signed by a fourth party who was not a witness. This statement, while not directly contradicting the testimony given by these witnesses, tended to show that appellee and another employee of appellant had been engaged in a quarrel over politics; and that appellee's injury resulted from that quarrel and did not arise out of the employment. This verified statement was then introduced in evidence as a part of the cross-examination of the three witnesses, after which, the hearing member stated that no special answer was on file and that there would be none filed "at this time at least." Later, one of the witnesses who had signed the above statement was called as a witness for appellant, and was asked to state the circumstances under which appellee was injured. An objection to this testimony was made, and appellant's counsel thereupon

stated that the purpose of the question was to show that "plaintiff at the time in question was engaged in horseplay and that in a scuffle over a board, in that connection, he fell off a pile of lumber and was injured." The objection was sustained and the witness excused. There is nothing outside of the bill of exceptions showing that any application was made before the hearing member for leave to file a special answer.

The hearing member made an award in favor of appellee, on April 16, 1929. On April 23, appellant filed its application for a review by the full board, "with the right to be heard by representatives and to produce additional evidence and witnesses in support of this application and for leave to file a special paragraph of answer," in support of which it filed an affidavit of Grover C. Niemeyer. Appellant, at the time, tendered, for filing, a paragraph of answer alleging that appellee's injury was received by him while he was engaged in a fight instigated by himself and not in the discharge of any duty connected with his employment. On May 10, leave to file answer and to introduce additional evidence in support thereof was denied. Without any evidence being heard or offered other than that heard by the single member, the full board, on June 7, made and entered the award of compensation in favor of appellee, from which this appeal is prosecuted.

Appellant makes no claim that appellee was not injured in the course of his employment, or that the award is not sustained by sufficient evidence. It insists the award should be reversed because it was not allowed to file a special answer and to introduce evidence in support thereof. Referring to the alleged error, appellant thus states its contention: "The alleged errors therein referred to all bear upon the single question as to whether, under the circumstances of this case, appellant was entitled to introduce and have considered the evidence

offered which tended to establish that appellee's injuries did not arise out of his employment, were the result of horse-play, were received while he was engaged in a fight, committing a misdemeanor and violating the law. . . . Did appellant have the right to introduce and have the evidence considered bearing upon the question of whether appellee's injuries arose out of his employment, without having filed special answer, if such evidence established that appellee's alleged injuries were the result of either horse-play or a fight or the commission of a misdemeanor?"

An injury, in order to be compensable, must not only arise in the course of the employment, but it must also arise out of the employment. The burden, in the instant case, was on appellee to prove that his injuries arose out of as well as in the course of his employment. It is not necessary for an employer to file a special answer to an application for compensation in order to entitle him to introduce evidence to show that the injury did not arise out of the employment. A special answer is only required under Rule 10 when the employer confesses or admits that the injury arose out of and in the course of the employment. If an employee is injured in the course of his employment, in a fight which did not arise out of the employment, such injury is not compensable. *Mercantile-Commercial Bank, Rec.*, v. *Koch* (1925), 83 Ind. App. 707, 150 N. E. 25; *Mueller* v. *Klingman* (1919), 73 Ind. App. 136, 125 N. E. 464.

In order to determine whether an injury arises out of the employment, it is not only proper, but it is necessary, to know all the facts and circumstances connected with the transaction. In proceedings by an employee for compensation, the employer is not required to file a special answer in order to warrant the introduction of evidence to show that the injury

to the employee grew out of a fight which did not grow out of or was not connected with the employment.

The application for compensation in the instant case was heard by the single member and by the full board upon the theory that evidence tending to show that appellee's injury was caused by a fight not arising out of his employment was not admissible without a special answer. This was error. Parties to a proceeding for compensation are entitled to a hearing on a correct theory.

Award reversed for further proceedings, with directions to allow the parties to introduce additional evidence.