### DAVIES ET AL. *v.* ROBINSON.

[No. 14,518. Filed February 25, 1932.]

106

*James W. Noel, Hubert Hickam, Alan W. Boyd, Robert D. Armstrong* and *R. Niven Stall,* for appellants.

*Ralph W. Scowden* and *George W. Kassabaum,* for appellee.

CURTIS, J.—The appellee filed his application for compensation before the Industrial Board of Indiana, for personal injuries received by him on October 1, 1930, by reason of an accident alleged by him to have arisen out of and in the course of his employment by appellants. The application, in substance, alleged: That the appellee at said time received personal injuries by reason of an accident arising out of and in the course of his employment by the appellants while the appellee was trying to collect an old account from one Leslie in which an altercation and fight ensued; that a controversy has arisen with respect to the compensation to be paid; that appellants deny liability for compensation; that appellee was employed by the appellants as a gasoline and oil salesman and collector; that, during said fight, said Leslie struck the appellee on the head with a chisel, cutting through the skull and entering the brain; that total disability followed from October 1, 1930, to January 5, 1931, after which there was and still is partial disability; that the average weekly wage of the appellee is $50 of which $15 per week, before the accident, was used to pay

additional help, and that, since the accident, $25 weekly is used to pay additional help, and that the appellee has, by reason of said accident, paid out $274 for medical attention, hospital and supplies. The appellants filed an answer in general denial and a second paragraph of special answer alleging, in substance: (1) That the injury to the appellee was due to his commission of a misdemeanor, in that he provoked or attempted to provoke another person to commit the assault and battery upon him; (2) that said injury was due to the fact that said employee committed a misdemeanor, in that he, in a rude, insolent and angry manner, unlawfully touched and struck the said Leslie. A reply in general denial was filed to said second paragraph of answer.

A hearing was had before a single member of the board who entered an award for the appellee. An application was filed by the appellants for a review by the full board. Upon the hearing before the full board, they made a finding and award for the appellee, after which finding and award, this appeal was prayed by the appellants and perfected.

The error relied upon for reversal is: "The award of the full Board is contrary to law."

The finding of the board is as follows: "The full Industrial Board of Indiana having heard the argument of counsel and having reviewed the evidence and being thereby duly advised in the premises, finds that Oscar L. Robinson, the plaintiff, was in the employ of the defendant on the first day of October 1930, at an average weekly wage in excess of $30.00 and that, on said date, he received a personal injury by reason of an accident arising out of and in the course of his employment, of which the defendant had knowledge. That, as a result of said accidental injury, plaintiff was totally disabled from the 1st day of October 1930, up to and including January 4th, 1931. Said board further finds that as a

result of said injury plaintiff has been partially disabled at the time of this hearing; that since January 4th, 1931, and at this time, he has been able to earn an average weekly wage of $25.00.

"Said board further finds that the plaintiff has paid all medical, hospital, surgical and nurses' bills incident to said injury and within the first thirty days after the accident."

Upon the above finding, the board entered an award of compensation to the appellee at the rate of $16.50 per week for the period beginning on October 8, 1930, and ending on January 4, 1931, and further ordered the appellants to pay $2.75 per week to the appellee as temporary partial disability, commencing January 5, 1931, and to continue so long as the appellee is temporarily partially impaired, not exceeding, however, the period fixed by law. The appellants were further ordered to reimburse the appellee for all medical, surgical and hospital and any other medical expenditures incident to said injury for the first 30 days following the accident, and to pay the costs of the proceedings.

The assignment of error in this case that the award of the full board is contrary to law is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. See §61 Indiana Workmen's Compensation Act (Acts 1929, p. 536).

The evidence in the instant case is somewhat conflicting, and it is needless to say that, where there is competent evidence or legitimate inferences that may be drawn therefrom to sustain the findings of the board, this court will not weigh such conflicting evidence and substitute its judgment thereon for the judgment of the Industrial Board. The question, therefore, for determination is whether or not there is any competent evidence or legitimate inferences to be drawn

from the evidence to sustain the finding of the board. In determining this question, we take the evidence most favorable to the appellee.

This evidence would tend to show that the appellee, was, on October 1, 1930, an employee of the appellants, who operated an oil station in the city of Monticello, Indiana, under the trade name of "Davis Oil Company"; that a part of his duties was to collect past-due accounts, which he was attempting to do from Leslie just before the injury occurred; that the said Leslie was in an alley near the appellant's oil station talking to a third person who was also trying to collect an account from him; that Leslie made some remark to said third person to the effect that he owed no one else, whereupon the appellee, who had approached within hearing distance, stated that Leslie owed his company a bill he had not paid; that Leslie then advanced toward the appellee calling him a "damn liar" and a "son of a bitch" and approached so that his face was not more than six inches from the appellee, repeating one of the abusive names but not striking or attempting to strike the appellee; that appellee then, according to his own testimony, struck Leslie twice first; that Leslie, in the fight that followed, struck the appellee on the head with a cold-chisel, which he had in his hand, causing the injury for which compensation is sought. The testimony of the appellee in regard to the fight is as follows: "Q. But you did strike him twice before he struck you?  A. You bet I did."

"Q. But he was coming at you when you struck him? A. I did.  I never took a name from anybody."

He also says that Leslie, when he called the appellee the first name, was three or four feet away and that he (Leslie) then started immediately toward appellee and stuck his face within about six inches thereof and said, "You are a dirty damn liar," and that he (appellee) struck the first two blows hitting Leslie on the chin at

that time; that he did not see Leslie's fists, but supposed they were clenched, and that he did not see the cold-chisel in Leslie's hand until after he had been hit on the head with it. There is nothing in the evidence to indicate that the appellee at that moment had any good-faith belief that he was about to be assaulted and injured by Leslie. The rule in that respect has been well stated in *Martin* v. *State* (1892), 5 Ind. App. 453, 32 N. E. 594, as follows: "If from any person's act or conduct one person is reasonably induced to and does in good faith believe that another is about to assault and injure him, he being without fault himself, he need not wait until the assault is made, but may act upon appearances, as he in good faith at the time regards them, and defend himself."

Abusive and insulting language, however gross or offensive cannot justify an assault or an assault and battery by the one so abused or insulted. *Norris* v. *Casel* (1883), 90 Ind. 143; *Tisdale* v. *State* (1927), 199 Ind. 1, 154 N. E. 801; Ewbank's Indiana Criminal Law (2d ed.) §907; *Guy* v. *State* (1906), 37 Ind. App. 691, 77 N. E. 855; *Martin* v. *State, supra.*

The general rule, in the absence of a special statute, is that no provocative acts, conduct, former insults, threats or words, if unaccompanied by any overt act of hostility, will justify an assault, no matter how offensive or exasperating, or how much they may be calculated to excite or irritate. See above authorities; also 5 C. J. p. 644, and authorities cited therein. The reason for the rule is in sound morals and public policy which as has been said, forbids any man from being his own "judge and executioner."

We are not unmindful of the rule that the question of who is the aggressor in a fight is usually a question of fact, but, in the instant case, the evidence is wholly

without conflict in that regard. If we are correct in concluding that the evidence is conclusive and without dispute that the appellee was the aggressor in the fight, we then come to the other question to be decided: Can the appellee, under such circumstances be deemed to have received his injury by accident arising out of and in the course of his employment? Before an injury is compensable under the Indiana Workmen's Compensation Act, it must not only be due to an accident arising in the course of the employment *but it must also arise out of the employment*. There must be a causal connection between the employment and the injury for which compensation is sought. When the appellee thus struck Leslie first, under the circumstances as shown by the evidence, even though he had been grossly insulted by Leslie, he was guilty of assault and battery. He had inaugurated a situation for his own purpose of avenging a personal insult to himself. He had stepped aside from his employment and had engaged upon his own private mission. Under such circumstances, it cannot be said that the injury he received in the fight which he himself started arose out of his employment. See *Talge Mahogany Co.* v. *Beard* (1930), 90 Ind. App. 611, 169 N. E. 540; *Mercantile-Commercial Bank, Rec.,* v. *Koch* (1925), 83 Ind. App. 707, 150 N. E. 25; See note L. R. A. 1916 D. p. 970; *Stillwagon* v. *Callan Brothers, Inc.* (1918), 183 App. Div. 141, 170 N. Y. Supp. 677. See, also, annotation following *Re McNicol,* L. R. A. 1916 A. p. 309. In *Shaw* v. *Wigan Coal and Iron Co.* (1909), 3 B. W. C. C. (Eng.) 81 it was held that an injury received by a workman while he himself was deliberately assaulting a fellow workman does not arise out of the employment.

In the case of *Griffin* v. *A. Roberson & Son* (1916), 176 App. Div. 6, 162 N. Y. Supp. 313 a workman, while engaged in his work, was accidentally struck by a rail

which another employee was handling, whereupon, he became angry and kicked his fellow employee and was by the latter shoved, so that he fell against a box and suffered an injury from which he died. The State Industrial Commission of New York made an award in favor of the applicant, from which an appeal was taken. The court reversed the award and dismissed the claim, saying, among other things: "Under the facts found by the Commission, Griffin was the aggressor. He became angry over a slight and unimportant incident which the Commission has characterized as an 'accident' and in his anger committed a crime by assaulting his fellow-servant and thereby was himself injured. It has been held in different cases that when a servant in the course of his employment is assaulted by another he may sometimes be entitled to compensation. . . . This is on the theory that the injured servant is protecting his master's property or promoting his master's interest, or that the assault on him was in some way incidental to the duty which he owed the master. But what duty to the master requires a servant to commit a crime? . . . The injury was not a peril of the service nor reasonably incidental thereto. It arose wholly from a voluntary act of Griffin entirely unnecessary, and not in the protection or advancement of the master's interest nor connected therewith. It was nothing more or less that the gratification of his personal feeling of animosity. No reasonable inference can be drawn which legitimately or fairly demonstrates that the injury to Griffin was an incident of his work. There was no causal connection between the work and the injury which resulted from the independent and affirmative and unjustifiable act of Griffin. This seems to have been clearly an injury which did not arise 'out of the employment.' It was rather *outside* of the employment and one which grew out of a situation inaugurated by

the injured employee himself for his individual pur-
pose." We have quoted at length from the above case
for the reason that we believe it announces the correct
and orthodox rule followed in the English cases and in
the cases of the states in this country where the law re-
quires that, before an injury is compensable, it must not
only occur in the course of the employment but must also
arise out of the employment. See, also, *Consolidated
Underwriters* v. *Scott* (1925), 272 S. W. (Tex. Civ.
App.) 520; *Stillwagon* v. *Callan Brothers, Inc., supra;
Wooley* v. *Minneapolis Equipment Co.* (1923), 157 Minn.
428, 196 N. W. 477; *McDevitt* v. *Checker Cab Co.*
(1927), 288 Pa. 394, 136 Atl. 230. For a somewhat
analogous doctrine, see 2 Mechem, Agency (2d. ed.)
ch. 1977, *et seq.*

We are not here confronted with the situation that
would have arisen had the appellee not himself been
the aggressor in the fight, neither are we concerned with
the questions that arise where an employee is injured
by a fellow workman as a result of what is commonly
called "horse play" or practical joke or where the injury
results from the assault of a fellow workman or other
person which might reasonably be incidental to the serv-
ice. Here the appellee himself made the decision to en-
gage in the fight. When he did so, he embarked upon
his own private business and not that of his employers.
He entirely controlled the question as to whether or not
there would be a fight.

But the appellee says, in effect, that the Industrial
Board having failed to find specifically on the affirma-
tive paragraph of answer of the appellant, such
failure is equivalent to a finding against the
pleader on that issue. While this is true as an
abstract proposition of law, yet it has no application to
the instant case. A special answer is required under

rule 10 only when the employer confesses or admits that the injury arose out of and in the course of the employment. The burden was on the appellee in the instant case to prove that his injuries arose out of and in the course of his employment. Where the evidence, as in this case, shows that the injury occurred in a fight which did not arise out of the employment, but which arose out of the private aggressive attempt on the part of the injured employee to avenge a personal insult to himself, such injury is not compensable, and a finding that the injury arose out of the employment is not sustained by the evidence. *Talge Mahogany Co.* v. *Beard, supra; Mercantile-Commercial Bank, Rec.,* v. *Koch, supra.*

Moreover, while it may be said that the board in the instant case, in effect, found that the injury was not occasioned by the commission of a misdemeanor on the part of the injured employee, such a finding is not sustained by any competent evidence or legitimate inferences and is contrary to law.

An award that is made upon a finding that is not sustained by the evidence is contrary to law. The award of the full board is, therefore, contrary to law. It is reversed, with instructions to enter an award denying compensation.

Award reversed.