Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOSEPH STEIN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* WILLIAMS PRINTING COMPANY, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, February 28, 1921.

Workmen's Compensation Law — injury not arising out of and in course of employment — injuries received in fight initiated by claimant.

A claimant does not receive injuries arising out of and in the course of his employment, where it appears that when a fellow-servant indulged in a little horseplay with the claimant by pulling at his blouse, the claimant attempted to strike the other with a milk bottle and, failing in that, attempted to bite him and then picked up a cobblestone, when the other servant, in self-protection, struck claimant causing the injuries which are the foundation for the claim.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendants, Williams Printing Company and another, from an award, order and decision of the State Industrial Commission, made on the 14th day of November, 1919, allowing the claimant compensation at the rate of eleven dollars and fifty-four cents per week for the period of thirteen weeks, and continuing the case.

*Jeremiah F. Connor,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

WOODWARD, J.:

The State Industrial Commission, by a vote of three to two, has reached · the conclusions of fact that Joseph Stein was employed as a porter by the Williams Printing Company in New York; that while engaged in his regular employment, on the 15th day of August, 1919, one Raymond Schults, a fellow-employee, pushed the claimant in a playful manner, which angered the claimant so as to cause him to attempt to strike the said Raymond Schults with a milk bottle. " In protecting himself, the said Raymond Schults took hold of the arm of the claimant, and after grappling with him caused him to release the hold on the milk bottle, and the claimant thereafter tried, while in the grasp of the said Raymond Schults, to bite the latter or strike him with a cobblestone which was near at hand. The said Raymond Schults thereafter struck the claimant, causing him to be thrown against a radiator, thereby injuring the left hand and arm of the claimant, knocking out four of his teeth and bruising his thigh, and causing the claimant to be disabled with traumatic neurosis from August 15, 1919, to November 14, 1919, on which date he was still disabled."

In other words, a playful act on the part of Raymond Schults, a fellow-employee, induced the claimant to make a vicious assault with a milk bottle. The claimant himself testifies that he threw a milk bottle at Schults; Schults says that " I grabbed his blouse, I believe, and just pulled it, and I stayed there and he got sore, and he picked up a bottle and threw it. I ducked the bottle and grabbed him, and he tried to stoop, and he tried to bite my arm. I let him loose, and he picked up a cobblestone. I thought it was time to stop and I punched him." It was from this blow that the claimant was forced against the radiator, producing the injuries from which he suffers. While it is probably true that technically Schults made the initial assault in this particular instance, it appears that these men had been in the habit of going through more or less of horseplay, and there is no claim that Schults had any intention of doing anything more than had been customary. There was no such insulting conduct as in *Matter of Verschleiser* v. *Stern & Son* (229 N. Y. 192), nor any apparent

latent ill-will, and no reason, so far as appears, why Schults should have anticipated any trouble on account of his playful grabbing of the claimant's blouse. The claimant, on his part, appears not only to have made a vicious assault upon Schults, by the throwing of the milk bottle, but to have followed it with an effort to get hold of a cobblestone, after trying to bite Schults. It was while he was in this last act, and when the safety of Schults was fairly menaced, that the claimant received the blow which resulted in his injuries. The Workmen's Compensation Law provides for compensating injuries " arising out of and in the course of his employment, without regard to fault," on the part of the claimant, " except where the injury is occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another " (§ 10), and the statute is to be read in connection with this exception. There can be no doubt that the claimant's injury resulted from his effort to injure Schults. He was not in any danger from Schults; no one suggests that the claimant had anything to fear from the horseplay of Schults, and it is not contended that this playful act was interfering with the discharge of any duty which the claimant owed to the employer. He appears to have suddenly changed his attitude of playfulness and to have left the service of the employer for the purpose of injuring Schults, and he received his injuries while following out that purpose, rather than any purpose of the master. The case, it seems to us, comes within the principle of *Stillwagon* v. *Callan Brothers, Inc.* (183 App. Div. 141; affd. on opinion below, 224 N. Y. 714), and should follow the disposition made in that case.

The award appealed from should be reversed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.