Before STATE INDUSTRIAL BOARD, Respondent.

INGLE FOSTNER, Respondent, *v.* VICTOR MORAWITZ and Another, Appellants.

Third Department, January 6, 1926.

**Workmen's compensation — trial — fair trial denied — award for facial disfigurement not supported by evidence — disfigurement of neck not facial disfigurement — domestic servant may be covered under Workmen's Compensation Law, § 3, group 19, and § 50 — employer cannot take advantage of failure to post notices required by § 51 — § 2, subd. 4, defining employees, does not prevent domestic servants coming under act.**

The employer and carrier did not have a fair trial of the claim for compensation, since it appears that the referee's rulings were arbitrary.

The award for facial disfigurement is not supported by the evidence, since it appears that any permanent disfigurement was on the neck of the claimant and not upon the face; disfigurement of the neck does not constitute facial disfigurement.

Domestic servants may by action of the employer under group 19 of section 3 and under section 50 of the Workmen's Compensation Law be brought under the act, and where that has been done, the fact that the employer has failed to post notices as required by section 51 of the act, cannot be taken advantage of by him.

The definition contained in subdivision 4 of section 2 of the Workmen's Compensation Law, which states that employees shall not include farm laborers or domestic servants, does not prevent domestic servants coming under the law, where it has been complied with by the employer.

APPEAL by Victor Morawitz and another from an award of the State Industrial Board, made on the 11th day of March, 1925.

On the former appeal in this case, decided in November, 1924, we remitted the claim on the ground that the award includes neck

disfigurement, which, under the statute, is not comprehended within the expression "serious facial or head disfigurement." (See 211 App. Div. 824; Workmen's Compensation Law of 1922, § 15, subd. 3, ¶ t.) At that time the award was $1,650. There is no material change in the testimony as to the facial disfigurement. The claimant was a domestic servant and she was burned about the face, head and neck by ignited alcohol. At the former trial the referee stated: "The greater and more prominent scar is on the neck. * * * Claimant might easily be decapitated, the scar and scars would remain on the body rather than be taken away with the head." Nevertheless he held that the neck, which is visible below the chin, should be considered part of facial and head disfigurement. Again, he said: "I want to say for further explanation that all but slight portion of this scar is on the column of the neck as differentiated from the body." At the rehearing, Dr. Somberg testified: "Examination of the claimant shows a distinct pigmentation over the chin around the angles of the mouth in consequence of some scar formation of a rather fine nature. This fine scar formation extends down to a point of the chin. There is, in addition, noticed some scar tissue with keloid formation, three distinct portions, just below the chin and in the mandibular region. This is included in the facial region. On the neck there is noted one fairly small keloid scar and one fairly large disfiguring keloid scar over the lower part of the neck. This scar is always evident to the observer in view of the fact that the claimant doesn't wear high-neck dresses. On the chest there are some more scars with some deep pigmentation which cannot be observed unless the dress is lowered. The three scars described in the mandibular region are in my opinion part of the facial region, since they are above the cervical fold. The scars on the anterior part of the neck, while technically not in the facial region, is [are] always under observation by the casual observer, and thus from a medical standpoint does [do] constitute a facial disfigurement. In addition there is noted a loss of a portion of the lobe of the right ear, caused by the burn, which also constitutes facial disfigurement." The referee thereupon announced that, upon the testimony of Dr. Somberg, he would make an award of $1,200. The attorney for the employer and carrier asked to examine Dr. Kurzrok, but the referee refused. Dr. Fineberg was examined and described the scars on the face and neck, not varying greatly from the description by Dr. Somberg. He said: "I am sure that whatever scars are present on the face in all likelihood will disappear. I don't believe they are serious facial disfigurement." The referee said: "I find serious facial disfigurement. Also in view of the

12

testimony given by Dr. Somberg relative to his description of the condition of the claimant's face, also of Dr. Fineberg, I am going to modify the previous award to read $1,200 for serious facial disfigurement. In no way in rendering a decision have I given any thought to the seriousness of the neck disfigurement. I have made it [the award] upon the findings and from my observation of the claimant as I see the claimant." Thereafter the attorney for the carrier asked to have a photograph taken and put in the record. The referee refused to have a photograph in the record. The claimant did not refuse.

*Alfred W. Andrews* [*Edward P. Lyon* of counsel], for the appellants.

*Albert Ottinger,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

VAN KIRK, J. The employer and carrier did not have a fair trial. The referee was arbitrary in his rulings and his conduct destroys confidence in his judgment. The award made is not supported by the evidence. Dr. Fineberg's testimony that in his opinion such scars as were present on the face will disappear is not directly disputed, though it may be disputed by inference. When we reversed the former award in this case we indicated what was to be considered as a facial disfigurement. Unless the disfigurement is on the face, is serious and is permanent, an award for serious facial disfigurement may not be had. Perhaps the referee was justified in refusing to allow a photograph in evidence after he had announced the award, but, in view of the record here, we feel inclined to remark that a photograph of one claiming for serious facial disfigurement would not only be proper, but helpful, evidence. The award should be reversed.

On the former appeal the appellants urged that the case does not come under the Workmen's Compensation Law on the ground that the claimant was a domestic servant and the provisions of section 51 of the Workmen's Compensation Law were not complied with. Our order on the former appeal does not show that we passed upon this question. If the objection were well taken the claim should have been dismissed. We then thought the objection was not well taken. However, the objection is now urgently presented and the opinion of the court requested.

The employer's first and supplemental reports show that he had insurance, and name the carrier. The only fair inference from these reports is that he had paid the premium and had insurance covering his domestic servants, the only claim being by a domestic servant. The policy is not in the record.

The Workmen's Compensation Law (§ 3, subd. 1, group 19) provides: "An employer may bring an employment that is not listed in this section within the coverage of this chapter by securing compensation to his employee or employees engaged in such employment in accordance with section fifty of this chapter. Any employee in the service of such employer shall be deemed to have accepted, and shall be subject to the provisions of this chapter, and any act amendatory thereof, if at the time of the accident for which liability is claimed the employee shall not at the time of entering into his contract of hire have given to his employer notice in writing that he elects not to be subject to the provisions of this chapter and filed a copy thereof with the Commissioner, or in the event that such contract of hire was made in advance of election of the employer, such employee shall not have given to his employer and filed with the Commissioner, within twenty days after such election, notice in writing that he elects not to be subject to such provisions." This claimant did not give the notice specified in this section and thus is deemed to have elected to be under the provisions of the law. Section 51 of the act requires that the employer who has complied with section 50 of the chapter (that is, taken out insurance) shall post and maintain in a conspicuous place or places in and about his place or places of business typewritten or printed notices in form prescribed by the Commissioner, stating the fact that he has complied with all the rules and regulations of the Department and that he has secured the payment of compensation to his employees and their dependents in accordance with the provisions of this chapter. This is a duty put upon the employer and he should not be allowed, if he omitted to post these notices, to take advantage of his own fault. There is no proof in the case and no presumption that he did not post the notices. The provisions of section 51 are for the benefit of the employee. The claimant is asking an award; she does not complain of the failure to give the posted notices, if there were such failure. We think the claimant is subject to the provisions of the Workmen's Compensation Law.

But it is claimed further that section 3, subdivision 1, group 19, does not apply to farm laborers or domestic servants because, in the definition of "employee" in section 2, subdivision 4, of the act, it is stated that this definition shall not include "farm laborers or domestic servants." This question is discussed in *Caldana* v. *Buezenburg* (206 App. Div. 183) in the Fourth Department, and it is there held that farm laborers and domestic servants may come under the act as provided by the antecedents of section 3, subdivision 1, group 19. The argument there applies with full force to the statute as it stood in 1923, when this accident happened, and we

concur in the conclusion reached. We think the employment is subject to the provisions of the Workmen's Compensation Law.

The award should be reversed and the claim remitted to take further proof as to serious facial disfigurement.

All concur.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event, to take proof as to the serious facial disfigurement.