24144. KIMBRO *v.* BLACK & WHITE CAB COMPANY *et al.*

DECIDED NOVEMBER 12, 1934.

*Eldon Haldane,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

SUTTON, J. This case is in this court to review the judgment of the superior court affirming an award of the industrial commission denying compensation to the claimant. Claimant was a taxicab driver employed by the defendant company at the time he received the injury for which he seeks compensation. It was a custom among the drivers of the cabs of the company, and a rule of the company not approved by the commission, that the first in line at a taxicab stand was first out; that is to say, the one first in line received the next fare. Drivers of cabs are paid a commission or receive a percentage of the fares collected by them. Claimant took a fare out of his turn; and while he was out the driver next in line received a fare. When claimant returned he parked his cab across the street from the stand, awaiting his turn to get in line. He got out of his cab and came across the street to where the driver was standing who was next out when the claimant took the fare out of turn, and hot words ensued, during the course of which the claimant was alleged to have called the other driver a "—— —— liar." Thereupon this driver, and coemployee of claimant, struck the claimant, knocking him down to the pavement, from which he received the injuries for which he seeks compensation. Under the claimant's evidence, a finding that he was brutally assaulted without cause, by the other driver, and that he received an injury during the course of his employment would have been authorized. However, in finding against the claimant, the single commissioner found as a matter of fact that the claimant was injured in a personal altercation between himself and his coemployee, during which he was the aggressor, or that is, that the claimant put in motion the difficulty from which he received his injury, and that he called the

other driver a "——— ———liar;" which finding was approved by the full commission. There was evidence to support this finding; and the trial judge did not err in affirming the same. *Georgia Power Co.* v. *Patterson,* 46 *Ga. App.* 8 (166 S. E. 255); *Payton* v. *Fidelity & Casualty Co. of N. Y.,* 47 *Ga. App.* 747, 748 (171 S. E. 392).

(a) An injury received by the claimant as a result of and during a fight with a fellow employee, arising over the manner in which the claimant performed the duties of his employment, which fight was precipitated by the claimant's using strong language towards his coemployee, is not compensable under the workmen's compensation laws. *Fulton Bag & Cotton Mills* v. *Haynie,* 43 *Ga. App.* 579 (159 S. E. 781); Stillwagon *v.* Callon, 183 App. Div. 141 (170 N. Y. Supp. 77, 2 W. C. L. J. 379, 16 N. C. C. A. 932); Central Garage of La Salle *v.* Indus. Comm., 286 Ill. 291 (121 N. E. 857, 3 W. C. L. J. 428); 1 Schneider's Workmen's Compensation Law (2d ed.), 968.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*