In the Matter of the Claim of MARGARET LEVY, Appellant, against WORLD-TELEGRAM, Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of MARGARET LEVY, Appellant, against WORLD-TELEGRAM, Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 2, 1938.

*James Harte Levenson*, for the appellant.

*John P. Smith, James P. Allen, Jr.*, and *Albert P. Thill*, for the respondents.

*John J. Bennett, Jr., Attorney-General*, for the State Industrial Board.

HILL, P. J. This is an appeal from two decisions, the first disallowing the claim of Maxwell Levy for disability, the other of his dependents for death benefits. He was injured on November 17, 1932, while carrying newspapers for the employer, a publisher. He never returned to work, and died, following a continuous illness, on March 10, 1936. The decision in the first appeal was in the following language: " The decision made herein on May 31, 1934, rescinding the previous findings and award dated June 16, 1933, is hereby affirmed, and the disability claim is hereby disallowed on the ground that the said Maxwell Levy initiated the assault upon himself and was the aggressor therein, and said assault did not arise out of and in the course of his employment."

The appeal on the decision disallowing death benefits is made upon the same grounds. The Board found as " conclusions of fact " that Levy was the aggressor; also that he left a widow and infant child who were dependents.

Many persons were working in the same employment as claimant-decedent. The evidence indicates that one of his coworkers, either in rough horseplay or under a mistaken sense of humor, seized decedent in the buttocks. Levy, believing it was a fellow-employee named McCue, applied to him an opprobrious epithet, whereupon McCue struck decedent with great force and he fell down upon a stone step receiving injuries from which he died. The cause of the blow is shown by the following testimony: " Q. Now, Mr. McCue, on November 17, 1932, the deceased, Maxwell Levy, called you a very vile name, and of course you resented that? A. Yes. Q. That is the reason you struck him? A. Yes. Q. You really didn't intend to injure him. You lost your temper? A. Yes. Q. Because he called you that name, you struck him? A. Yes.

Under the foregoing facts, the decision of the Industrial Board was error and should be reversed. (*Matter of Verschleiser* v. *Stern & Son*, 229 N. Y. 192; *Matter of Carbone* v. *Loft*, 174 App. Div. 901; affd., 219 N. Y. 579; *Matter of Humphrey* v. *Tietjen & Steffin Milk Co., Inc.*, 235 App. Div. 470; *Matter of Field* v. *Charmette K. F. Co.*, 245 N. Y. 139.) Words, no matter how coarse and abusive, which

tend to excite angry passions never justify a physical assault. (*Lee* v. *Woolsey*, 19 Johns. 319.)

The altercation which resulted in Levy's injury and death was as closely identified with his employment and arose out of it to an extent equal to those passed upon in the *Verschleiser* and *Carbone* cases (*supra*).

The decisions should be reversed and the matter remitted to the Industrial Board, with instructions to make appropriate awards, with costs against the State Industrial Board.

CRAPSER and HEFFERNAN, JJ., concur; RHODES and BLISS, JJ., dissent; BLISS, J., with an opinion, in which RHODES, J., concurs.

BLISS, J. (dissenting). For a second time this matter is before us. The previous appeal was by Maxwell Levy, the employee himself, from a disallowance of his claim for compensation. On that occasion we reversed the decision of the State Industrial Board and sent the matter back for the purpose of obtaining further evidence as to who or what provoked the claimant to apply an epithet to one of his fellow-servants as the result of which the latter assaulted the claimant and injured him. (*Matter of Levy* v. *World-Telegram*, 247 App. Div. 830.)

Since that time the injured employee has died and the present claims are for disability compensation which was due Levy at the time of his death and also death benefits made by his widow and dependent child. The present findings of fact are substantially the same as on the previous appeal. It was first claimed in behalf of Levy and now in behalf of his widow and child that while engaged in the regular course of his employment he was touched by an unknown person, presumably a fellow-employee, and believing that a workman in back of him had done it, he turned and called this workman a vile name, whereupon his fellow-employee struck him, caused him to fall to the ground and sustain injuries, as the result of which he was at first disabled and later died. The Industrial Board has also again found that Levy initiated the assault upon himself and was the aggressor therein and that the assault did not arise out of and in the course of his employment. Twice the disability claim has been disallowed on these grounds. The claim for death benefits is disallowed on the same ground. Upon the second hearing further evidence was taken below with the same result as to Levy's being the aggressor and we may not say that this finding is not supported by the evidence.

Did the fact that Levy was the aggressor and brought about his own injuries by calling his fellow-employee a vile name take him without his employment? In *Griffin* v. *Roberson & Son* (176 App.

Div. 6) this court held that a workman who in anger commits an assault upon a fellow-workman and as a result thereof receives an injury, is not within the protection of the Workmen's Compensation Law. The court there said that the instigator was not promoting or enhancing in any legitimate sense the interest of his employer and that he stepped outside of the scope and sphere of his employment to gratify a personal animosity and that his injuries did not arise out of his employment. His injuries were not an incident of his work and there was no causal connection between them. In *Stein* v. *Williams Printing Co.* (195 App. Div. 336) this court reversed an award made by the Industrial Board where a playful act on the part of a fellow-employee had induced the claimant to make an assault upon such fellow-employee and thereafter the claimant received injuries in an altercation which followed. The court said that there could be no doubt the injury resulted from claimant's effort to injure his fellow-employee when he was not himself in any danger from this fellow-employee; that the claimant appeared to have suddenly changed his attitude of playfulness and to have left the service of his employer for the purpose of injuring this fellow-employee and that he received his injuries while following out that purpose rather than any purpose of the master. In *Stillwagon* v. *Callan Brothers, Inc.* (183 App. Div. 141; affd., 224 N. Y. 714) an award was reversed and claim dismissed, where the claimant opened the quarrel and struck a fellow-employee and then received injuries in the fight which followed. Our decision there was based upon the statutory provision that compensation should be paid without regard to fault as a cause of the injury " except where the injury is occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another." While not exactly in point, that case illustrates the reluctance on the part of the courts to allow compensation where the claimant provokes his own injuries. That case was affirmed by the Court of Appeals without opinion (224 N. Y. 714). In *Frost* v. *Franklin Manufacturing Co.* (204 App. Div. 700; affd., without opinion, 236 N. Y. 649) a claimant was disallowed compensation where he received injuries as the result of horseplay which he instigated. His was a friendly act, nevertheless it was held that his injury did not arise out of his employment.

On our previous reversal we said that the situation here appeared to be substantially the same as in *Verschleiser* v. *Stern & Son* (229 N. Y. 192) and that if such was the fact then an award should have been made. There the claimant Verschleiser was not the aggressor, but was assaulted by a fellow-employee. Claimant resented the assault and believing the attack to have been made by one Dudler,

struck Dudler who thereupon kicked and injured the claimant. It appeared that claimant did not initiate the fracas and there was a finding of fact by the Industrial Commission that he was engaged in the regular course of his employment when he was kicked. The court said that if the servant had left his employment and was willfully pursuing designs of his own he would not be entitled to compensation and that the man who initiates an assault is doing a willful thing, but this cannot be said of the man who, surprised by physical assault or insult, reacts and in self-protection strikes another. The Court of Appeals thus clearly marked the distinction between the situation in the *Verschleiser* case and a case where the injured workman initiates an assault.

While many of the earlier compensation cases are no longer followed and there is an increasing tendency on the part of the courts to construe the statute very liberally, the finding here that Levy initiated the assault upon himself and was the aggressor and that this assault did not arise out of his employment, leaves us no choice except to affirm. We may not speculate as to what the result would be had it appeared that Levy was assaulted first. Apparently such was not the fact. At least the Industrial Board has so found, thus precluding us from any other result. (See, also, *Kimbro* v. *Black & White Cab Co.*, 50 Ga. App. 143; 177 S. E. 274.)

The decisions appealed from should be affirmed, without costs.

RHODES, J., concurs.

Decisions reversed and matter remitted to the Industrial Board, with instructions to make appropriate awards, with costs against the State Industrial Board.