### 31260. ECHOLS *v.* CHATTOOGA MERCANTILE COMPANY.

. Decided June 13, 1946.

*Rosser & Rosser, Graham Wright,* for plaintiff.

*Matthews, Owens & Maddox,* for defendants.

FELTON, J. ■ Under the facts of the stipulation, Chattooga Mercantile Company complied with the requirements of the law with regard to electing to be bound by the terms of the Workmen's Compensation Act to the letter. The plaintiff did not join in this election, as he was not then in the employ of the firm. The Code, § 114-207, provides: "When an employer and his employees elect to be bound by this law, the election shall continue until recalled by joint action of employer and employees, and shall be effective after notice is given to the Department of Industrial Relations [State Board of Workmen's Compensation], and shall include employees subsequently employed, unless they elect to reject the law." It is true that, where an employer has at no time had in his employ as many as ten employees, there is no presumption, as provided for in the Code, § 114-201, that either the employer or the employees have accepted the provisions of the Workmen's Compensation Act (*Bussell* v. *Dannenberg Co.,* 34 *Ga. App.* 792, 132 S. E. 230; *Employers Liability Assurance Corp.* v. *Hunter,* 184 *Ga.* 196, 190 S. E. 598); if, however, the employer and its employees, in compliance with the requirements of the law, have by joint action elected to come within the act, a subsequent employee is presumed to have elected to accept the provisions of the act, where it does not appear that he has elected to reject it. Chattooga Mercantile Company and its employees had elected to come within the terms of the act. The plaintiff was subsequently employed, and so far as the record shows he never rejected the terms of the act. The terms of the Code, § 114-207, quoted above, clearly, therefore, place him within the terms of the act. We express no opinion as to what would be the status of a person who was employed at the time the election was made to come within the terms of the act, but who neither expressly accepted or rejected the act. The General Assembly made no provision for such a situation. It did, however, expressly provide for the situation presently under consideration, and under the terms of § 114-207, and the facts of the case as revealed by the record, we are of the opinion that the court correctly directed a verdict on the plea in bar as to

the defendant, Chattooga Mercantile Company. This question, insofar as we have been able to ascertain, has not arisen before in this State. We find, however, our ruling in accord with the rulings of other States having similar Workmen's Compensation Acts. "Under perhaps the majority of the elective compensation acts, the election on the part of the employee is negative, that is, after the employer has elected to come within the act the employee automatically comes under its operation unless he gives statutory notice that he will not be bound by it, and this rule is applicable where the employer elects to make the act applicable to employees not otherwise subject to the act." 71 C. J. p. 522, § 264; Fostner v. Morawitz, 215 App. Div. 176 (213 N. Y. Supp. 202).

■ The plaintiff contends that under the allegations of the petition the assault made upon the plaintiff was not an accident within the meaning of the Workmen's Compensation Act, that therefore it was not covered by the terms of the act, and hence that his rights against Chattooga Mercantile Company were not abrogated by the act and he could bring an action at common law. None of the cases cited by the plaintiff support this contention, as we will point out later. These cases are: *Kimbro* v. *Black & White Cab Co.,* 50 *Ga. App.* 143 (177 S. E. 274), and cit., *Liberty Mutual Insurance Co.* v. *Reed,* 56 *Ga. App.* 68 (192 S. E. 325), and *Covington* v. *Berkeley Granite Corp.,* 182 *Ga.* 235 (184 S. E. 871). In *Hardware Mutual Casualty Co.* v. *Sprayberry,* 195 *Ga.* 393 (24 S. E. 2d, 315), the Supreme Court in defining the meaning of the word "accident" makes this statement: "In *Reid* v. *Lummus Cotton Gin Co.,* 58 *Ga. App.* 184, 185 (197 S. E. 904), it is written: 'The word "accident," as used in the act, includes every injury except diseases not naturally growing out of injuries arising out of and in the course of employment, injuries caused by the wilful act of a third person directed against such employee for reasons personal to him, and wilful misconduct on the part of the employee; and the act precludes action at common law. or *otherwise.* Ga. L. 1920, pp. 167, 176, § 12; *Horn* v. *Planters Products Co.,* 40 *Ga. App.* 787 (151 S. E. 552) ; *Teems* v. *Enterprise Mfg. Co.,* 41 *Ga. App.* 708 (154 S. E. 466) ; *Berkeley Granite Corp.* v. *Covington,* 183 *Ga.* 801 (190 S. E. 8) ; *Hockmuth* v. *Perkins,* 55 *Ga. App.* 649 (191 S. E. 156).'" This is a clear expression of approval by the Supreme Court of those classes of injuries which this

court has enumerated as the classes not coming within the terms of the act; and under the ruling in *Covington* v. *Berkeley Granite Corp.,* 182 *Ga.* 235 (supra), an employee sustaining injuries of these classes would not be precluded from pursuing his common-law remedies against the parties causing such injuries. The plaintiff's injuries obviously do not come within the class of disease, nor is there evidence of wilful misconduct on the part of the plaintiff, and, therefore, the case would not come within the first or third class enumerated in the *Reid* case, supra, nor are we able to place his injuries in the second class when we consider the cases which involve this class of injury. In *McLaughlin* v. *Thompson, Boland & Lee Inc.,* 72 *Ga. App.* 564 (34 S. E. 2d, 562), it was said: "Where a servant is injured by a fellow servant or superior employee in a dispute, not provoked by the injured servant, arising over the conduct of the master's business, the injury may be the result of an accident, in so far as the injured employee is concerned. Horowitz on Workmen's Compensation, p. 86." Therefore, under this ruling, the plaintiff in this case does not bring himself within the second class. The injuries which he sustained were clearly the result of an accident within the terms of the Workmen's Compensation Act, and being so, his remedy against the employer is exclusively within the jurisdiction of the State Board of Workmen's Compensation and not in the Superior Court of Chattooga County. Code, § 114-103; *Wall* v. *J. W. Starr & Sons Lumber Co.,* 68 *Ga. App.* 552 (23 S. E. 2d, 452); *Grice* v. *U. S. Fidelity &c. Co.,* 187 *Ga.* 259 (200 S. E. 700); *Maloney* v. *Kirby,* 48 *Ga. App.* 252 (172 S. E. 683); *Bartram* v. *Atlanta,* 71 *Ga. App.* 313 (30 S. E. 2d, 780). In both the *Kimbro* case, and the *Reed* case, supra, cited by the plaintiff, the hearing director of the State Board of Workmen's Compensation found as a fact that the injuries did not arise out of the employment of the claimant, and since there was some evidence to support this finding, meager though it was, this court, under the well-established rule, is precluded from reversing the findings of fact, where there is *some* evidence to support them, made by the board. In the *Kimbro* case the court went so far as to say: "Under the claimant's evidence, a finding that he [claimant] was brutally assaulted without cause [by a fellow servant as the result of a dispute over the conduct of the master's business] . . and that he received an injury during the course of his em-

ployment would have been authorized." That this case does not come within the ruling laid down in the *Covington* case, supra, is obvious when it is remembered that in that case the action was for damages resulting from occupational disease.

Ground 3 of the motion for new trial complains of the court's directing a verdict for the defendant Berry. The defendant's counsel endeavored both in his brief and on oral argument of the case before the court to refute this contention upon three grounds: First, that under the Code, § 114-103, the remedies under the Workmen's Compensation Act "shall exclude all other rights and remedies of such employee." Second, that there are cases in Georgia holding that the employee may proceed against a third person even after he has received compensation under an award of the State Board of Workmen's Compensation, *provided,* however, that said third person is not a joint tort-feasor. Third, that Berry cannot be said to be a third party, as he was the alter ego of the employer, and any right which the plaintiff might have would be because of the act of Berry as representative of the employer.

In *Hotel Equipment Co.* v. *Liddell,* 32 *Ga. App.* 590 (124 S. E. 92), in construing the Workmen's Compensation Act as originally enacted (Ga. L. 1920, p. 167), this court interpreted section 12 (Code, § 114-103) to mean that the rights of the employee under the act shall be exclusive only as against the employer. The court expressed its ruling in the following language: "Section 12 does not by express language take away the right of an employee to sue the wrongdoer. Its terms can only mean that he and his employer are subject to the act and that he shall have no other remedy against his employer. Third persons are not concerned. An outsider does not share the burdens of the act, imposed upon the employer, and he is entitled to none of its benefits. It was never the purpose of this statute to place exclusive liability upon the master for injuries to his employees arising out of and in the course of the employment, and thus to grant immunity and license to others who were responsible for the injuries." We do not believe that the act was ever intended to allow one to negligently injure or wilfully batter another and pass blithely on, exempting himself from all liability by showing that the person injured received his injuries during the course of his employment and while under the terms of the act. To give the act such effect

would be grossly against the public policy of the State, and could well lead to a reckless abandonment of those duties which one owes to his fellow man. The defendant Berry cannot with impunity batter a fellow employee and then take cover under the provisions of Code, § 114-103. Nor does this rule which we have stated have the effect of permitting two recoveries for the same injury. It is "in no sense different from collecting his compensation and also collecting on an accident policy," or collecting on an insurance policy and then recovering damages from the person inflicting the injuries, both of which are permitted universally.. See Horowitz on Workmen's Compensation, p. 2341; *Hotel Equipment Co.* v. *Liddell,* supra. We do not think that the act was intended to shift the common-law liability from the person responsible for the injury to the employer who is in no wise responsible. This cause of action against persons inflicting injuries upon another is, of course, purely the creature of the common law and it is within the province of the General Assembly, should it see fit, to take it away and substitute another for it. We do not believe, however, that the General Assembly intended to do so, or that our act has such an effect. We are impressed that this view is correct when we consider the distinction between our act and the English Liability Act, on which ours and others are based. Section 6 of the English act provides that the employee may proceed against both the insurer and the person causing the injury, *but shall not be entitled to recover both damages and compensation.* Our act contains no such provision, and we think there is a reason for such omission, and that reason, it seems to the court, was that the legislators did not intend by the enactment to destroy the existing common-law remedy against the person causing the injury and shift it upon the employer.

Counsel for the defendant states in his brief that "there are certain cases which hold that an employee may proceed against a third person even after he has received compensation under an award under the Workmen's Compensation Act, provided, however, that said third person is not a joint tort-feasor." We are not sure which cases counsel has in mind, as he cites none, but after some little research we have found the following decisions to contain this language which he quotes: *Atlantic Ice & Coal Corp.* v. *Wishard,* 30 *Ga. App.* 730 (119 S. E. 429); *Athens Ry. & Elec. Co.* v. *Kinney,* 160 *Ga.* 1 (127 S. E. 290); *Minchew* v. *Huston,* 66

*Ga. App.* 864 (19 S. E. 2d, 422) ; *Sheffield* v. *Phillips,* 69 *Ga. App.* 45 (24 S. E. 2d, 834) ; *Blackshear* v. *Liberty Mut. Ins. Co.,* 69 *Ga. App.* 798 (26 S. E. 2d, 793). The Workmen's Compensation Act does not so provide. The implication that a joint tort-feasor would not be liable to a separate action where his employer has paid the injured employee compensation first crept into the books of this State in the *Wishard* case, supra, insofar as we have been able to ascertain. The statement in that case is obiter dictum. Nevertheless, we find the Supreme Court repeating and citing with approval the language of the *Wishard* case in the *Kinney* case, supra. The statement in the *Kinney* case is obiter dictum. The seed of obiter planted in the *Wishard* case germinated and flowered, fortunately, into nothing more than obiter. We find that, following the decision in the *Kinney* case, it and the *Wishard* case were cited together as authority in the *Sheffield, Blackshear,* and *Minchew* cases, supra. In all of those cases the statement concerning the third party joint tort-feasor's liability is obiter. It is worthy of note that in the *Wishard* case the court cites City of Austin *v.* Johnson (Tex. Civ. App.) 204 S. W. 1181, and Ohio Traction Co. *v.* Washington, 6 Ohio App. 273, as supporting the statement made therein. Both of those cases involved exactly the question raised here, that is, the claimant came under the Workmen's Compensation Act, but was proceeding against the third-party joint tort-feasor. Both of the courts in those cases ruled specifically that the employee was not estopped or precluded from proceeding against the third party, even where he had already been paid compensation benefits. Those cases are certainly not authority for the implication in the *Wishard* case. There is nothing in our law which will prevent the employee from maintaining his action against the defendant Berry, under the facts of this case. Moreover, in *Rome Railway & Light Co.* v. *Jones,* 33 *Ga. App.* 617 (127 S. E. 786), the question was squarely passed on by the very same judges who handed down the decision in the *Wishard* case, and a contrary opinion was expressed. In that case, which was an action to recover for the death of an employee, it was alleged that while at work he was electrocuted as a result of the defendant's negligence. It appeared from the petition that the plaintiff had received compensation from the employer under the compensation act and it was the defendant's contention that, under the allegations of the petition, the employer was a joint

tort-feasor, and consequently the acceptance of compensation barred the plaintiff from any recovery against the defendant. The defendant's demurrer was overruled and this judgment was affirmed by this court on appeal.

The fact that the defendant Berry alleged in his plea in bar that he was the alter ego of Chattooga Mercantile Company does not preclude the plaintiff's bringing an action against Berry as an individual. The defendant Berry and Chattooga Mercantile Company are not identical parties. His duty not to harm the employee was both as representative of the company and as an individual.

For the foregoing reasons the court erred in refusing a new trial as to the plaintiff's action against the defendant Berry, but did not err in refusing a new trial as to Chattooga Mercantile Company.

*Judgment affirmed in part, and reversed in part. Sutton, P. J., and Parker, J., concur.*