### 35603. WOLFE v. WILLIAMS et al.

QUILLIAN, J. 1. In order for there to be a recovery by the claimant in a workmen's compensation case, he must sustain an accidental injury arising out of and in the course of his employment. There is no question that the claimant in the present case sustained an injury, or that the injury occurred in the course of employment. The controversy centers around the issue as to whether a fight that resulted in the claimant's injury arose out of his employment or was caused by a personal difference between the claimant and another employee disconnected with the performance of the duties of his employment. There was ample evidence to support both theories. Under the established rule that an award of the Board of Workmen's Compensation is sufficiently supported by evidence if there is any competent evidence in the record supporting it, the judgment of the superior court affirming the award of the board denying compensation was not error. *Travelers Insurance Co.* v. *Bacon*, 30 *Ga. App.* 728 (119 S. E. 458); *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (118 S. E. 786); *London Guarantee & Accident Co.* v. *Shockley*, 31 *Ga. App.* 762 (122 S. E. 99).

2. This case is factually different from those in which an employee is injured in a fight arising out of a difference between him and another or other employees of the same employer as to the manner in which the work under their respective contracts of employment is to be done. In those cases the employee's injury arises out of and in the course of his employment. *Scott* v. *Travelers Ins. Co.*, 49 *Ga. App.* 157 (174 S. E. 629).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED APRIL 6, 1955.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Dan Winn,* contra.