38529.   UNITED STATES FIDELITY & GUARANTY COMPANY *et al.* v. GIDDENS.

TOWNSEND, Judge.   In this workmen's compensation case the claimant was employed as a crane operator for the employer, Hercules, Inc., and was injured in a fight with fellow employees. The hearing director found as a matter of fact that the claimant was the aggressor in the fight with the fellow ememployees and that accordingly the injury was not due to an accident arising out of the employment within the meaning of the Workmen's Compensation Act. The case was appealed to the superior court and the judge thereof entered an order reversing the award on the grounds that there was not sufficient competent evidence in the record to sustain the award and that the award is contrary to law. The employer and its carrier appealed that judgment to this court, contending that the findings of fact of the deputy director of the State Board of Workmen's Compensation were supported by evidence and that, therefore, the superior court was without power to reverse the findings of said deputy director.

The sole question for determination is whether there is any evidence to support the award and, if there is any such evidence, in the absence of fraud, the findings of fact are conclusive on the superior court and on this court. *Weathers v. American Cas. Co.*, 94 Ga. App. 530 (95 S. E. 2d 436). The evidence is in sharp conflict. Under the testimony of the claimant and one of his witnesses who was present where the fight occurred, the claimant was in the course of his employment in connection with the fight and was not the aggressor. He would accordingly under his view of the case be entitled to an award. On the other hand the testimony of witnesses for the employer who participated in the fight shows the claimant

to be the aggressor and under their version the claimant is not entitled to recover. The superior court in reversing the award cites *Scott v. Travelers' Ins. Co.*, 49 Ga. App. 157 (174 S. E. 629) ; *Wolfe v. Williams*, 92 Ga. App. 1 (2) (87 S. E. 2d 436) and points out that there is no substantial difference in the facts of this and those cases. The difference is that in those cases the injured employee was fighting to protect the property of the employer, while here there is nothing in the record to support this theory. On the contrary the hearing director was authorized to find that the injury received by the claimant was the result of a fight with fellow employees, in which the claimant was the aggressor, and which grew out of abusive language exchanged between the claimant and a fellow employee and having to do with the manner in which the fellow employee was performing his duties. Accordingly, this case is controlled by *Kimbro v. Black & White Cab Co.*, 50 Ga. App. 143, 144 (177 S. E. 274).

The superior court erred in its judgment reversing the award of the Board of Workmen's Compensation.

*Judgment reversed. Carlisle and Frankum, JJ., concur.*

DECIDED OCTOBER 13, 1960.

*Bennett, Pedrick & Bennett, Wilson G. Pedrick*, for plaintiffs in error.

*Jack J. Helms*, contra.