**Mrs. Lillian M. SKELTON, Appellant,**

v.

**W. T. GRANT COMPANY, Appellee.**

**No. 20980.**

United States Court of Appeals
Fifth Circuit.

April 14, 1964.

Rehearing Denied May 28, 1964.

William S. Shelfer, Haas, Dunaway, Shelfer & Haas, Altanta, Ga., for appellant.

H. A. Stephens, Jr., Atlanta, Ga., for appellee; Smith, Field, Ringel, Martin & Carr, Atlanta, Ga., of counsel.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and CARSWELL, District Judge.

TUTTLE, Chief Judge.

This is an appeal from the dismissal by the trial court of an action for false arrest and illegal restraint brought in the state courts of Georgia, and removed to the federal court as a diversity case.

The basis of the trial court's order of dismissal was its conclusion that the Georgia Workmen's Compensation Statutes, as construed by the Supreme Court of the State of Georgia, foreclosed any cause of action by an employee against his employer arising under the common law or from any statutory duty owed by the employer.

The complaint alleged that at the time of the alleged false arrest and illegal detention, the appellant, Mrs. Skelton, was an employee of W. T. Grant Company, and that she was summoned to the office of the credit manager who by closing the door and placing his chair against it, and, with two other supervisory employees, sitting in front of the door, restricted Mrs. Skelton's freedom of movement while they undertook to get her to sign a confession that she had

stolen certain articles belonging to the store. It is alleged that they detained her for an hour and a half and loudly and persistently demanded that she sign the confession, following which, upon her persistent refusal to do so, she was released. She alleged that this conduct was apparent to others in the vicinity of the office and she was embarrassed and humiliated and thus damaged to the extent of $50,000, for which she brought the action. Her complaint did not allege that the conduct of the individual employees of the appellee in detaining her arose "out of and in the course of employment." She did allege that the appellee corporation was liable because the conduct of the employees in thus treating her was done by them in the course of their employment.

In support of its motion to dismiss in the court below, the appellee contended that the Georgia Workmen's Compensation Act denied to the appellant the right to maintain a suit at common law.[1]

In its order of dismissal, the trial court cited the Georgia Supreme Court case of Southern Wire and Iron Company, Inc. v. Fowler, 217 Ga. 727, 124 S.E.2d 738. That case dealt with a suit by an employee who had been required by a supervisory employee to work in connection with an acid vat alleged to be injurious to the person of the employee, which conduct the Georgia Supreme Court construed as being a failure to furnish the employee a safe place to work. The court there said: "The defendant's president Borochoff made no assault on the plaintiff. At most he wilfully failed to furnish the plaintiff a safe place to work. Regardless of the cause for his failure to provide a safe place to work, the result is the same, the employee's sole remedy against the employer, Southern Wire & Iron, Inc., was under the State Workmen's Compensation Act."

In the course of its opinion the Supreme Court stressed the fact that "under the provisions of § 114–102 the employee's right to recover for an 'injury' or 'personal injury' is limited to an accident arising out of and in the course of the employment, and does not cover 'injury' caused by the wilful act of a third person." No case has been cited to us by the appellee for the proposition that the conduct here alleged to have been engaged in by the supervisory employees of the appellee would be compensable under the Workmen's Compensation Act of the State of Georgia.

As alleged in the case before us, Mrs. Skelton's unlawful detention, in order to obtain from her a confession that she had stolen some article from the store, was in no way connected with the course of her employment or the performance of her duties for the company. If she had been a casual visitor at the store or a customer or had been present in the store for any other reason and had there done what the employees of Grant charg-

---

1. The applicable provisions of the Workmen's Compensation Laws of Georgia are as follows:

Georgia Code, Section 114–102:

" 'Injury' and 'personal injury' defined. —'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not, except as hereinafter provided, include a disease in any form except where it results naturally and unavoidably from the accident, nor shall 'injury' and 'personal injury' include injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee, nor shall 'injury' and 'personal injury' include heart disease, heart attack, the failure or occlusion of any of the coronary blood vessels, or thrombosis, unless it is shown by preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment."

Georgia Code, Section 114–103:

"Other remedies excluded by this law.— The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

ed Mrs. Skelton with doing, there is nothing to show that they would not have dealt with her in precisely the same manner. In other words, there is nothing inherent in the relation of employer and employee that produced the treatment that is alleged to have been accorded to Mrs. Skelton. Moreover, in the absence of any Georgia authorities to the contrary, we conclude that this alleged conduct was "injury caused by the wilful act of a third person." In making such statement we, of course, do not rule on the extent to which such conduct might or might not bind the appellee under the principle of *respondeat superior*. This issue has not yet been presented to us for consideration.

■■ In the absence of any decision by the highest courts of the state of Georgia, we can not construe the Workmen's Compensation Acts of that state as being designed to deprive an employee of any common law action which he might otherwise have against his employer, unless the action which he seeks to assert is one for an injury as to which relief has actually been granted under the compensation laws. Thus, here, where it is not alleged, and there is nothing in the record to establish the fact, that the alleged illegal conduct, if it occurred, amounted to an "accident arising out of and in the course of employment," the action is not barred by anything provided for in the Workmen's Compensation Laws. It is noted that Section 114–103 (footnote supra) speaks of compensation on account of "personal injury * * * by accident," and then provides that the provisions of the Act shall exclude all other rights and remedies of such employee "on account of *such* injury," (emphasis supplied) clearly meaning injury arising from accident. Here there was no accident and, to the contrary, there was alleged to be conduct which was wilfully and intentionally inflicted by a third person.

The judgment of the trial court dismissing the complaint is reversed and the case is remanded for further proceedings not inconsistent with this opinion.