## 50209. LYNCH v. GENERAL MOTORS CORPORATION.

ARGUED FEBRUARY 10, 1975 — DECIDED
FEBRUARY 26, 1975.

*Hill, Jones & Farrington, E. Lundy Baety,* for appellant.

*King & Spalding, Charles H. Kirbo, Charles M. Shaffer, William A. Clineberg, Jr.,* for appellee.

DEEN, Presiding Judge.

*Fowler v. Southern Wire & Iron,* 104 Ga. App. 401 (122 SE2d 157) martials the strongest arguments we have found for the conclusion that an assault by a fellow servant is not within workmen's compensation jurisdiction where the facts show that the assault was

intentional, was generated by ill will, and was initiated by a person in authority in the corporate hierarchy. This case was reversed by the Supreme Court in *Southern Wire & Iron v. Fowler,* 217 Ga. 727 (124 SE2d 738).

If the defendant's version of the affray is correct of course, the plaintiff can recover in neither forum. If the plaintiff's version is true, he denies only that he knew the cause of the assault, but not that the cause stated is incorrect. The strongest statements in the counter affidavit are that he was "attacked without warning" and that he was at no time "requested, ordered or directed to stop by the security guard." The authority of the guards to stop him for a proper purpose is not denied. No other reason for their action is suggested. On the contrary, the complaint alleges that the guards were at all times acting within the scope of their employment. It thus appears without contradiction from the pleadings, affidavits, and exhibits unobjected to, that the security guards had probable cause to question the plaintiff before he left his employer's premises and were acting within the scope of their authority in attempting to do so, under rules and regulations which were a part of the work contract of both. The plaintiff contends that, since his work shift had been completed, the incident did not arise "in the course of" his employment; that is, "within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto." *Hartford Acc. &c. Co. v. Welker,* 75 Ga. App. 594 (44 SE2d 160). It is, however, uncontradicted that the employer had security guards posted within the building and that such guards had the right under company regulations to interrogate employees (though not, of course, the right to commit an unprovoked assault). The question remains, therefore, one of fact, since the employee was within the security administration of the employer until he departed the premises, and thus in the course of employment for this purpose, it being a duty incident to his employment to observe proper security regulations within the area.

The trial judge correctly held in favor of the defendant that the plaintiff's alleged injury, if any, arose

out of and in the course of his employment, thus precluding a common law action for damages.

*Judgment affirmed. Evans and Stolz, JJ., concur.*