**Marcus M. SANDS, Plaintiff-Appellant,**

**v.**

**UNION CAMP CORPORATION, Defendant-Appellee.**

**No. 77–1202**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1977.

Joseph B. Bergen, Cletus W. Bergen, II, Savannah, Ga., for plaintiff-appellant.

James M. Thomas, Savannah, Ga., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This is a removal proceeding, brought under the provisions of 28 U.S.C.A. § 1441

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

*et seq.* The complaint seeks recovery of $250,000 damages and $150,000 punitive damages arising out of an incident when plaintiff was struck a blow by a fellow servant. Plaintiff alleges that he was totally disabled as a result of injuries received from an assault and battery perpetrated against him by his supervisor at the Union Camp Company. The reason for the dispute related to the manner of performance of a particular task which was part of plaintiff's duties. Plaintiff had notified the company on two prior occasions of assaults on the part of the supervisor. The district court decided as a matter of law that the distinction between a mere fellow employee and a fellow supervisory employee is immaterial to the right to maintain a common law action. The court granted summary judgment for defendant, holding that the injuries sued for arose in the course of and out of plaintiff's employment within the meaning of Ga.Code Ann. § 114–102, and that the exclusivity provision, § 114–103, barred the common law action. A motion for reconsideration and to set aside judgment and to allow supplemental affidavit was denied, January 17, 1977. This appeal followed. We affirm.

Plaintiff Sands contends that his injuries are the result of an intentional tort by a supervisor and vicarious liability can be imputed to the employer because the injuries are not accidental injuries as contemplated by the Georgia Workmen's Compensation Act. Plaintiff alleges that where defendant had knowledge of prior altercations and plaintiff's assailant acted in supervisory capacity as agent of defendant, that there is a question of fact as to whether defendant breached a common law duty to plaintiff. Plaintiff's theory is that assailant, as a supervisor, was essentially the alter ego of defendant, acting in furtherance of defendant's business, and defendant was therefore party to the intentional tort and liable under respondeat superior.

Defendant Union Camp contends that where a servant is injured by a fellow serv-

ant or superior employee in a dispute not provoked by the injured servant, arising over the conduct of the master's business, the injury may be the result of an accident in so far as the injured employee is concerned. Defendant contends that since the injury is the result of an "accident", plaintiff's exclusive remedy is under the Workmen's Compensation Act.

Recent decisions applying Georgia law afford guidance both as to the general purpose of the Workmen's Compensation Act and with regard to the specific sections at issue here. *Massey v. Thiokol Chemical Corporation,* 368 F.Supp. 668, 672 (S.D.Ga. 1973):

> "The purpose of the workmen's compensation legislation was to do away with common law rules governing actions by employees under the law of master and servant and to replace such antique system with one that provided absolute liability of the employer and fixed compensation for accidental injury or death."

Ga.Code Ann. § 114–102 defines compensable injury to be "injury by accident arising out of and in the course of the employment". "Accident" includes every injury except diseases not naturally growing out of injuries arising out of and in the course of employment, injuries caused by wilful act of third person directed against employee for reasons personal to such employee, and wilful misconduct on part of employee. *See Reid v. Lummus Cotton-Gin Co.,* 58 Ga.App. 184, 185, 197 S.E. 904, 905 (1938); *Southern Wire and Iron, Inc. v. Fowler,* 217 Ga. 727, 124 S.E.2d 738 (1962).[1] The fact that the injury is the result of wilful or criminal assault of third person upon employee while employee is engaged in work of his employment does not necessarily prevent injury from being accidental within the meaning of the compensation act. *Pinkerton National Detective Agency v. Walker,* 157 Ga. 548, 122 S.E. 202 (1924); *Keen v. New Amsterdam Casualty Co.,* 34 Ga.App. 257, 129 S.E. 174 (1925).[2] An accident "arises out of employment" when

---

1. Reversing *Fowler v. Southern Wire,* 104 Ga. App. 401, 122 S.E.2d 157 (1961).

2. Cited with approval in *McLaughlin v. Thompson, Boland & Lee, Inc.,* 72 Ga.App. 564, 34 S.E.2d 562 (1945); *See also, Southern Wire, supra.*

there is a causal connection between conditions under which work is required to be performed and resulting injury. *State Department of Labor v. Yates*, 131 Ga.App. 71, 72, 205 S.E.2d 36, 37 (1974). The causative danger must be incidental to character of employment and not independent of master and servant relationship. *Francis v. Liberty Mutual Ins. Co.*, 95 Ga.App. 225, 97 S.E.2d 553 (1957); *accord, Skelton v. W. T. Grant Company*, 331 F.2d 593 (5th Cir. 1964). "In the course of employment" refers to time, place and circumstances under which the accident took place. 131 Ga.App. at 72, 205 S.E.2d at 37.

█ Ga.Code Ann. § 114–103 states that where an employee and employer are under provisions of the Act, compensation to the employee "shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury . . . or death."

The Georgia Supreme Court interpreted the above sections of the Georgia Code in *Southern Wire & Iron, Inc. v. Fowler*,[3] supra. There the court held that an employee's sole remedy as against the employer, for failure of employer's president, who made no assault on employee, to furnish the employee a safe place in which to work was under the Workmen's Compensation Act, regardless of the cause for such failure. 217 Ga. at 729, 730, 124 S.E.2d at 739–40. The court pointed out that the general rule in this country is not to allow common law actions against the employer for injuries brought about by a supervisory employee. Practical reasons for not distinguishing between fellow servants and supervisors were there stated. 217 Ga. at 731, 124 S.E.2d at

740. The court continued by citing with approval *McLaughlin v. Thompson, Boland & Lee, Inc., supra* at n. 2 and *Echols v. Chattooga Mercantile Co.*, 74 Ga.App. 18, 38 S.E.2d 675 (1946).[4] *Southern Wire* concludes that "regardless of the cause for his [corporate defendant's president] failure to provide a safe place to work, the result is the same, the employee's sole remedy against the employer, Southern Wire & Iron, Inc., was under the State Workmen's Compensation Act."

Plaintiff's reliance on *Skelton v. Grant, supra*, and *Smith v. Rich's, Inc.*, 104 Ga.App. 883, 123 S.E.2d 316 (1961) in support of his theory of vicarious liability would appear to be misplaced. *Skelton* and *Smith* were both false imprisonment claims. The decision in the latter was based on *Fowler v. Southern Wire & Iron, Inc., supra*, n. 1, the case which was reversed by the Supreme Court of Georgia in *Southern Wire* on the very issue to be decided *sub judice*. In *Skelton*, the Fifth Circuit reversed a Georgia district court decision—which purportedly relied on *Southern Wire*—barring the common law action of an employee against employer on false imprisonment grounds. Our Court said:

"In the absence of any decision by the highest courts of the state of Georgia, we cannot construe the Workmen's Compensation Acts of that state as being designed to deprive an employee of any common law action which he might otherwise have against his employer, unless the action which he seeks to assert is one for an injury as to which relief has actually been granted under the compensation laws." 331 F.2d at 595.

---

3. Injury to employee caused by wilful and intentional act of employer's president, acting as agent of employer, in removing employee from his regular employment and ordering him to work with his hands, without customary protective clothing, in acid vat with which employee was not familiar but which was known to employer and president to be damaging to human tissue.

4. The relevant portion of *McLaughlin* stated that when an employee has accepted the Workmen's Compensation Act, his rights against the employer to recover on account of injuries sustained by reason of the breach of any duty

arising out of the relation are determinable solely under provisions of the Act, and are not determinable at common law. *Echols* was an action for damages based upon an assault on an employee by the manager of the corporate defendant. There it was held that the injuries plaintiff sustained were clearly the result of an accident within the terms of the Workmen's Compensation Act and being so, his remedy against the employer is exclusively within the jurisdiction of the State Board of Workmen's Compensation and not in the Superior Court of Chattooga County. *See also, Lynch v. General Motors Corp.*, 134 Ga.App. 113, 213 S.E.2d 525 (1975).

This is not in conflict with the interpretations of the Georgia Supreme Court. We simply found that there was nothing inherent in the relation of employer and employee that produced the treatment that is alleged to have been accorded plaintiff Skelton.[5] The Court noted that if the employee had been merely a customer in the store she would have been treated no differently than she was treated. Therefore, the Court reasoned, the facts as alleged did not constitute an accident giving rise to compensable injury but was rather an "injury caused by the wilful act of a third person." Nothing in the employer-employee relationship caused her injuries, and thus, a common law action was not barred by the Workmen's Compensation Act. The Court specifically did not rule on the extent to which such conduct (by an employee against one not in an employee role) might or might not bind the employer under the principle of respondeat superior.[6] The requisite causal link necessary to bring the injured party under the Workmen's Compensation Act, that is, "arising out of and in the course of employment", which was lacking in *Skelton*, is present in the instant case. Plaintiff Sands does not contest the fact that the assault which resulted in his injuries grew out of and occurred in the course of his employment, though he maintains that this admission is to support the theory of vicarious liability. To maintain that the injuries were suffered in the course of employment for the purpose of vicarious liability but not for purposes of workmen's compensation legislation would seem to be inconsistent reasoning. Nor is it disputed that both plaintiff and defendant were subject to the Georgia Workmen's Compensation Act. Plaintiff conceded in his Motion for Reconsideration that "the subject matter of the assault concerned the manner of performance of a particular task which was part of the Plaintiff's duties . . . because the assailant did not believe he was performing

the duties of his employment in a proper manner."

Under the facts of the instant case, the injuries complained of appear to fall within the defined parameters of a compensable injury under the Georgia Workmen's Compensation Act as interpreted by the Georgia Supreme Court. That remedy is exclusive. The judgment of the district court is affirmed.

---

5. Plaintiff was detained by company security guards on suspicion of shoplifting.

6. That issue is the one which plaintiff would like for this Court to reach. However, to reach that issue, it would seem that there must be a

prior determination that the Workmen's Compensation Act is inapplicable . . . because, clearly, if the Act is applicable, it is exclusive as to the employee's rights against the employer. Ga.Code Ann. § 114–103.